**Ex Parte Dwight McDonald SPROULL, Relator.**

No. D-0954.

Supreme Court of Texas.

Sept. 11, 1991.

PER CURIAM.

The trial court found relator in contempt for failure to pay child support and sentenced him to over 22 years' confinement—8,160 days, to be exact, 60 days for each of 136 missed payments to be served consecutively. The trial court suspended commitment and placed relator on 30 days' probation conditioned on his payment of over $40,000 within 23 days. Relator, who was unemployed and living with his mother, failed to meet this condition and was ordered confined until he had served his entire sentence. A divided court of appeals denied relator's application for writ of habeas corpus without opinion. We granted the writ to release relator on bond pending full consideration of his application. We now order him discharged.

An alleged contemnor has a constitutional right to a jury trial on a "serious" charge of criminal contempt. *Ex parte Werblud*, 536 S.W.2d 542, 546–47 (Tex.1976). A charge for which confinement may exceed six months is serious. *Id.* So is a charge punished by a sentence in excess of 22 years. The record shows that the trial court did not inform relator of his right to a jury trial, and fails to show that Dwight affirmatively waived that right. We will not presume from a silent record that that a contemnor has waived his right to a jury trial. *Ex parte Griffin*, 682 S.W.2d 261, 262 (Tex.1984).

Because the trial court's actions conflict with our opinions in *Werblud* and *Griffin*, a majority of the court, without hearing oral argument, grants the writ of habeas corpus and orders relator discharged. Tex. R.App.P. 122.

Frederick E. Edwards, The Woodlands, for relator.

Nelda L. Luce, Jim Blair, The Woodlands, for respondent.