**Ex parte Martin Edwin YORK, Jr.**

**No. 10–94–181–CV.**

Court of Appeals of Texas, Waco.

May 24, 1995.

Charles W. McDonald, Waco, TX, for relator.

Karen C. Matkin, Mills, Millar & Matkin, Waco, TX, for real party in interest.

Jack Harwell, Sheriff, McLennan County, Waco, TX, for respondent.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

CUMMINGS, Justice.

This is an original habeas corpus proceeding in which the Relator, Martin Edwin York, Jr. was found in contempt of court for failing to pay child support. He contends: (1) that he did not have a fair trial because he was not advised of his right to trial by jury; (2) that he did not have the present ability to discharge the contempt; (3) that he was required by the court to give evidence against himself in violation of Art. 1, Sec. 10, of the Texas Constitution and the Fifth Amendment to the United States Constitution, and (4) that he received ineffective assistance from his court appointed counsel.

Child support contempt cases have developed into a mound of confusion as to whether a case is civil or criminal. Whether the case is "petty" or "serious" is one criterion utilized by the courts in making this determination. Another is a reverse or backward type of approach in which the actual fine or imprisonment assessed by the court when the case is concluded is the determining factor. *See Muniz v. Hoffman,* 422 U.S. 454, 95 S.Ct. 2178, 45 L.Ed.2d 319 (1975); *Taylor v. Hayes,* 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974); *Ex parte Werblud,* 536 S.W.2d 542 (Tex.1976).

█ The nature of a case is traditionally determined by the pleadings. Here, the former spouse plead for a $500 fine and/or 6 months jail confinement *for each violation* of 43 alleged failures to pay child support, thereby placing the Relator in jeopardy of receiving fines totaling $21,500 and/or jail time of 21½ years. The trial court found that the Relator was guilty of 43 violations for failing to pay child support and ordered that he be confined in jail until he paid the arrearage of $4,626, court costs of $100 and fees for appointed counsel. Relator was confined in jail from March 15, 1994, until May 27, 1994, when he was released on bond pending disposition of this case.

*Ex Parte Sproull,* 815 S.W.2d 250 (Tex. 1991), holds that "[a] charge for which confinement *may* exceed six months is serious." (Emphasis added.) Following this precedent, we find that this was a "serious" case in which the court should have admonished the Relator concerning his right to trial by jury[1] and his right not to be compelled to give testimony against himself.[2] The record indicates that the court failed to advise Relator

---

1. *See* Tex.Code Crim.Proc.Ann. arts. 1.12–1.14. (Vernon 1994).

2. *See* Tex.Code Crim.Proc.Ann. art. 1.05 (Vernon 1994).

of his right to have a jury trial and there is not a written waiver of jury. Neither was he advised of his right not to be compelled to give testimony against himself.

We will follow the ruling in *Sproull* which instructs us that if "confinement *may* exceed six months" that the case is "serious" and that the constitutional safeguards should be given. *See id.* By doing this, we believe the confusion concerning whether a case is "civil or criminal" will be eliminated and at the same time the constitutional guarantees will be followed.

Because we find the Relator was not accorded these basic constitutional and statutory rights and without reaching the other points of error, we grant the writ of habeas corpus and order the Relator discharged.