Ex parte York 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-181-CV


EX PARTE MARTIN EDWIN YORK, JR.

                                                                                                    

Original Proceeding
                                                                                                    

      This is an original habeas corpus proceeding in which the Relator, Martin Edwin York, Jr.
was found in contempt of court for failing to pay child support. He contends: (1) that he did not
have a fair trial because he was not advised of his right to trial by jury; (2) that he did not have
the present ability to discharge the contempt; (3) that he was required by the court to give evidence
against himself in violation of Art. 1, Sec. 10, of the Texas Constitution and the Fifth Amendment
to the United States Constitution, and (4) that he received ineffective assistance from his court
appointed counsel.
      Child support contempt cases have developed into a mound of confusion as to whether a case
is civil or criminal. Whether the case is "petty" or "serious" is one criterion utilized by the courts
in making this determination. Another is a reverse or backward type of approach in which the
actual fine or imprisonment assessed by the court when the case is concluded is the determining
factor. See Muniz v. Hoffman, 422 U.S. 454, 95 S.Ct. 2178, 45 L.Ed.2d 319(1975); Taylor v.
Hayes, 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897(1974); Ex parte Werblud, 536 S.W.2d
542(Tex. 1976).
     The nature of a case is traditionally determined by the pleadings. Here, the former spouse
plead for a $500 fine and/or 6 months jail confinement for each violation of 43 alleged failures to
pay child support, thereby placing the Relator in jeopardy of receiving fines totaling $21,500
and/or jail time of 21½ years. The trial court found that the Relator was guilty of 43 violations
for failing to pay child support and ordered that he be confined in jail until he paid the arrearage
of $4,626, court costs of $100 and fees for appointed counsel. Relator was confined in jail from
March 15, 1994, until May 27, 1994, when he was released on bond pending disposition of this
case.
     Ex Parte Sproull, 815 S.W.2d 250 (Tex. 1991), holds that "[a] charge for which confinement
may exceed six months is serious." (Emphasis added.) Following this precedent, we find that this
was a "serious" case in which the court should have admonished the Relator concerning his right
to trial by jury


 and his right not to be compelled to give testimony against himself.


 The record
indicates that the court failed to advise Relator of his right to have a jury trial and there is not a
written waiver of jury. Neither was he advised of his right not to be compelled to give testimony
against himself.
     We will follow the ruling in Sproull which instructs us that if "confinement may exceed six
months" that the case is "serious" and that the constitutional safeguards should be given. See id. 
By doing this, we believe the confusion concerning whether a case is "civil or criminal" will be
eliminated and at the same time the constitutional guarantees will be followed.
     Because we find the Relator was not accorded these basic constitutional and statutory rights
and without reaching the other points of error, we grant the writ of habeas corpus and order the
Relator discharged.
                                                                               BOBBY L. CUMMINGS
                                                                               Justice

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Writ of habeas corpus granted
Opinion delivered and filed May 24, 1995
Publish