**Ex parte Berta CASILLAS.**

No. 04–00–00342–CV.

Court of Appeals of Texas, San Antonio.

July 26, 2000.

Wendy Tolson Ross, Center for Legal and Social Justice, San Antonio, for appellant.

Ricardo Loza, Thad D. Spalding, Prichard, Hawkins & Young, L.L.P., San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice.

Opinion by: CATHERINE STONE, Justice.

■ This habeas corpus proceeding [1] arises out of a criminal contempt order for Berta Casillas' failure to comply with child

---

1. Casillas styled her document a "petition for writ of habeas corpus and/or writ of mandamus." Generally, contempt orders may be reviewed by an application for writ of habeas corpus, if the contemnor has been confined, or by a petition for a writ of mandamus, if the contemnor has not been confined. *See Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex.1995) (orig.proceeding); *Ex parte Williams*, 690 S.W.2d 243, 243 (Tex.1985) (orig.proceeding). The "confinement" requirement of habeas corpus review is not limited to actual incarceration. *See Ex parte Brister*, 801 S.W.2d 833, 835 (Tex.1990) (orig.proceeding) (probated sentence conditioned upon payment of fees, participation in outpatient family counseling program, submission to house arrest, and electronic monitoring constituted restraint on liberty sufficient to entitle contemnor to habeas corpus review). One may be in custody for habeas corpus purposes if any character of restraint that precludes absolute and perfect freedom of action is outstanding. *Ex parte Calhoun*, 127 Tex. 54, 91 S.W.2d 1047, 1048 (1936) (orig.proceeding). Here, an outstanding capias for Casillas' arrest exists. Thus, we construe Casillas' filing as an application for a writ of habeas corpus.

visitation provisions in a 1998 final divorce decree. *See Ex parte Werblud*, 536 S.W.2d 542, 545 (Tex.1976) (orig.proceeding) (contempt is characterized as "criminal" when punishment is not conditioned upon some promise of future performance).

Berta Casillas and Jesus Ponce divorced in 1998. They had three children during their marriage. The final divorce decree appointed Casillas and Ponce joint managing conservators, with Casillas having primary custody of the children and Ponce having visitation pursuant to a standard possession order incorporated into the decree. Among other things, the standard possession order provided that Ponce had the right to possession of the children on the first, third, and fifth weekends of each month from Friday at 6:00 p.m. until Sunday at 8:00 p.m.

On October 5, 1999, Ponce filed a motion for enforcement for denial of possession and access to his children and contempt against Casillas, alleging eleven violations of the 1998 visitation order. Ponce requested the trial court to find Casillas in contempt for each alleged violation, sentence her to jail and fine her for each alleged violation, and place her on community supervision following her release from jail. Ponce also requested additional periods of visitation to make up for his lost time with his children.

On October 25, 1999, Judge Peden conducted a hearing on Ponce's motion. At this hearing, Casillas conceded her failure to comply with the ordered visitation schedule, but attempted to explain her non-compliance. Six of the eleven violations were due to apparent mutually-agreed modifications to the visitation schedule. Out of those six violations, four instances involved Ponce picking up the children on Saturday at 1:30 p.m. following the children's counseling sessions. Although disputed by Ponce, Casillas claimed that the parties agreed to this arrangement. Another violation involved a switched weekend—Ponce took the children on the second weekend rather than the third weekend. Another violation was due to Ponce's alleged failure to pick up the children. The five remaining violations, which involved Casillas denying visitation altogether, occurred because Casillas feared that Ponce was sexually abusing the two younger children.

At the hearing's end, Judge Peden found Casillas in contempt for each separate violation, ordered additional periods of visitation to Ponce, and reset the matter for a punishment hearing on November 29, 1999. Casillas failed to appear at the punishment hearing at which Judge Peden sentenced her to jail for 180 days for each violation, for a total number of 1, 980 days, to run consecutively. Judge Peden also issued a writ of capias for the arrest of Casillas for her failure to appear for sentencing. On December 4, 1999, Ponce filed a motion to enter judgment holding Casillas in contempt and setting her punishment. On December 10, 1999, Judge Peden entered such an order. The capias remains outstanding. Neither the record nor the parties' briefing give a hint regarding Casillas' current whereabouts.

### DISCUSSION

An original habeas corpus proceeding is a collateral attack on a contempt order. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex.1967) (orig.proceeding). As such, the sole purpose of the proceeding is to determine whether the contemnor was afforded due process of law or if the order of contempt is void. *See Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex.1979) (orig.proceeding); *In re Levingston*, 996 S.W.2d 936, 937 (Tex.App.-Houston [14th Dist.] 1999) (orig. proceeding). A court will issue a writ of habeas corpus if the order underlying the contempt is void, *Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex.1983) (orig.proceeding), or if the contempt order itself is void. *Gordon*, 584 S.W.2d at 688. A contempt order is void if it is beyond the power of the court to enter it, or if it deprives the relator of liberty without due

process of law. *Ex parte Friedman,* 808 S.W.2d 166, 168 (Tex.App.-El Paso 1991) (orig. proceeding).

In three arguments, Casillas challenges the contempt order on the basis that it deprives her of liberty without due process of law. Specifically, Casillas complains that (1) the contempt order is void because she was denied a right to trial by jury; (2) the contempt order is void because the punishment imposed is excessive; and (3) the contempt order is void because Judge Peden failed to consider mitigating factors for Casillas' non-compliance with the visitation schedule.

### Right to Jury Trial

■ An absolute right to trial by jury in contempt proceedings does not exist. *See Muniz v. Hoffman,* 422 U.S. 454, 475–77, 95 S.Ct. 2178, 45 L.Ed.2d 319 (1975); *Ex parte Griffin,* 682 S.W.2d 261, 262 (Tex.1984) (orig.proceeding). An alleged contemnor possesses such a right, however, in criminal contempt cases where the punishment assessed is "serious." *See Muniz,* 422 U.S. at 476–77, 95 S.Ct. 2178; *Ex parte Werblud,* 536 S.W.2d at 546. Section 21.002(b) of the Government Code provides that punishment for a single act of contempt of court is a fine of not more than $500 or confinement in the county jail for not more than six months or both. TEX. GOV'T CODE ANN. § 21.002(b) (Vernon 2000). Punishment imposed within the parameters of section 21.002(b) is generally classified as "petty." *See Werblud,* 536 S.W.2d at 546; *Ex parte Johns,* 807 S.W.2d 768, 771 (Tex.App.-Dallas 1991, orig. proceeding). By contrast, if a sentence exceeding the limits of section 21.002(b) is imposed, the proceeding is generally classified as "serious." *See Ex parte Sproull,* 815 S.W.2d 250, 250 (Tex. 1991) (orig.proceeding). Even when the offenses are separate and the sentence for each act of contempt would be considered "petty," the alleged contemnor is nevertheless entitled to a jury trial if the offenses are aggregated to run consecutively, so as to result in punishment exceeding six months. *Ex parte Sanchez,* 703 S.W.2d 955, 957 (Tex.1986) (orig.proceeding). Here, Casillas' punishment of 1,980 days, to run consecutively, turned Casillas' proceeding into the "serious" variety, thereby entitling her to a jury trial. *See Ex parte Sproull,* 815 S.W.2d at 250; *Ex parte Griffin,* 682 S.W.2d at 262.

■ Where there is a right to a jury trial, the record must affirmatively show the court informed the alleged contemnor of her right and she affirmatively waived that right. A silent record will yield no presumption of waiver. *Ex parte Sproull,* 815 S.W.2d at 250; *Ex parte Griffin,* 682 S.W.2d at 262. In the instant case, the clerk's record does not contain a jury waiver. Furthermore, the reporter's record of the contempt hearing does not show that the trial court informed Casillas of her right to a jury trial or that she affirmatively waived that right.

Because Casillas was not given a jury trial, the contempt order violates her constitutional right to trial by jury and is therefore void. *See In re Levingston,* 996 S.W.2d at 938. Ponce filed a response in which he concedes that Casillas must be discharged from the complained-of order because she was denied her right to a jury trial. Ponce's candor with this court is noted and well-received. Without addressing Casillas' remaining arguments, we grant the writ of habeas corpus and order Berta Casillas discharged from the trial court's judgment of contempt and punishment entered on December 10, 1999.