**In re Johnny E. BAKER.**

**No. 11–02–00320–CV.**

Court of Appeals of Texas,
Eastland.

Jan. 16, 2003.

Danny D. Burns, Alan Weast, Fort Worth, for appellant.

Kenneth N. Tarlton, Ritchie, Ray & Tarlton, Mineral Wells, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J. and McCALL, J.

Opinion

TERRY McCALL, Justice.

This is a petition for writ of habeas corpus. The trial court found Johnny E. Baker in contempt for failing to make 22 child support payments from June 1, 2000, to June 1, 2002. After finding that the 22 violations of the divorce decree were separate acts of contempt, the trial court ordered Baker committed to the county jail for 90 days for Violation No. 22 only. The contempt judgment then ordered that a sentencing hearing be held on October 11, 2002, for each of the separate Violation Nos. 1 through 21. Before completing the first 90-day sentence, Baker was brought back to court on October 11 for the sentencing hearing. The trial court sentenced him to another 90 days, beginning October 15, for Violation No. 21. No sentence was assessed for Violation Nos. 1 through 20. Because the orders of the trial court violated Baker's right to due process, we grant the writ.

An original habeas corpus proceeding is a collateral attack on a contempt order; therefore, the sole purpose of the proceeding is to determine whether the contemner was afforded due process of law or the order of contempt was void. See *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex.1979)(orig.proceeding).

The power to punish a party who fails or refuses to obey a prior order or decree of the court for contempt is an inherent power of a court. *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex.1980). A contempt is characterized as "criminal" when punishment is not conditioned upon some promise of future performance. The 2 commitments for 90 days each were criminal in nature because the punishment was not contingent and there was nothing that Baker could do to avoid them. See *In re Long*, 984 S.W.2d 623, 626 (Tex.1999)(orig.proceeding); *Ex parte Werblud*, 536 S.W.2d 542, 545–46 (Tex.1976)(orig.proceeding).

Baker's third ground for relief asserts that the contempt order was void because he was denied his right to a jury trial. Although an absolute right to trial by jury in contempt proceedings does not exist, an alleged contemner possesses such a right in criminal contempt cases where the punishment assessed is "serious." See *Muniz v. Hoffman*, 422 U.S. 454, 475–77, 95 S.Ct. 2178, 45 L.Ed.2d 319 (1975); *Ex parte Griffin*, 682 S.W.2d 261, 262

(Tex.1984)(orig.proceeding); *Ex parte Werblud, supra* at 546. Punishment assessed for criminal contempt beyond 180 days is considered "serious" and may not be assessed unless there was a jury trial or a jury waiver. *International Union, United Mine Workers of America v. Bagwell,* 512 U.S. 821, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994).

TEX. GOV'T CODE ANN. § 21.002(b) (Vernon Supp.2003) provides that punishment for a single act of contempt of court is a fine of not more than $500 or confinement in the county jail for not more than six months or both. Punishment within these limits is characterized as "petty." See *Ex parte Werblud, supra* at 546. Even when the offenses are separate and the sentence for each act of contempt is less than six months, the alleged contemner is nevertheless entitled to a jury trial if the sentences are aggregated to run consecutively, so as to result in punishment exceeding six months. See *Ex parte Sanchez,* 703 S.W.2d 955, 957 (Tex.1986)(orig.proceeding); *Ex parte Casillas,* 25 S.W.3d 296, 299 (Tex.App.-San Antonio 2000, orig. proceeding). Where there is a right to a jury trial, the record must affirmatively show that the court informed the alleged contemner of the right and that the contemner affirmatively waived that right. A silent record will yield no presumption of waiver. *Ex parte Sproull,* 815 S.W.2d 250 (Tex.1991)(orig.proceeding).

Although the trial court has only committed Baker to two 90–day jail terms, the supreme court in *Ex parte Sproull, supra* at 250, held:

> An alleged contemnor has a constitutional right to a jury trial on a "serious" charge of criminal contempt. *Ex parte Werblud,* 536 S.W.2d 542, 546–47 (Tex. 1976). A charge for which confinement *may* exceed six months is serious. (Emphasis added).

The trial court found that each of the 22 failures to pay child support were separate acts of contempt as requested by Baker's ex-wife in her petition. At the hearing on her petition, it was apparent that the court could sentence Baker to more than 6 months confinement. Even today, it is apparent that the court "may" sentence Baker to 1,980 days or 5.4 years in jail for the 22 acts of contempt. The record before us does not affirmatively show that the trial court informed Baker of his right to a jury trial or that he affirmatively waived that right. We find that this was a "serious" case in which the court should have admonished Baker concerning his right to trial by jury and his right not to be compelled to give testimony against himself. *Ex parte York,* 899 S.W.2d 47, 48–49 (Tex.App.-Waco 1995, orig. proceeding). Thus, we follow the ruling in *Sproull* and *York* that, if "confinement may exceed six months," the case is "serious" and the constitutional safeguards must be given.

### This Court's Ruling

We grant the writ of habeas corpus and order Baker discharged.