11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

In re Johnny E. Baker

No.
11-02-00320-CV B Original Proceeding

 

This is a
petition for writ of habeas corpus.  The
trial court found Johnny E. Baker in contempt for failing to make 22 child
support payments from June 1, 2000, to June 1, 2002.  After finding that the 22 violations of the divorce decree were
separate acts of contempt, the trial court ordered Baker committed to the
county jail for 90 days for Violation No. 22 only.  The contempt judgment then ordered that a sentencing hearing be
held on October 11, 2002, for each of the separate Violation Nos. 1 through 21.  Before completing the first 90-day sentence,
Baker was brought back to court on October 11 for the sentencing hearing.  The trial court sentenced him to another 90
days, beginning October 15, for Violation No. 21.  No sentence was assessed for Violation Nos. 1 through 20.  Because the orders of the trial court
violated Baker=s right to due process, we grant the writ.

An
original habeas corpus proceeding is a collateral attack on a contempt order;
therefore,  the sole purpose of the
proceeding is to determine whether the contemner was afforded due process of
law or the order of contempt was void. 
See Ex parte Gordon, 584 S.W.2d 686, 688 (Tex.1979)(orig. proceeding).

The power
to punish a party who fails or refuses to obey a prior order or decree of the
court for contempt is an inherent power of a court.  Ex parte Barnett, 600 S.W.2d 252, 254 (Tex.1980).  A contempt is characterized as Acriminal@ when punishment is not conditioned upon some promise of future
performance.  The 2 commitments for 90
days each were criminal in nature because the punishment was not contingent and
there was nothing that Baker could do to avoid them.  See In re Long, 984 S.W.2d 623, 626 (Tex.1999)(orig. proceeding);
Ex parte Werblud, 536 S.W.2d 542, 545-46 (Tex.1976)(orig. proceeding).








Baker=s third ground for relief asserts that the
contempt order was void because he was denied his right to a jury trial.
Although an absolute right to trial by jury in contempt proceedings does not
exist, an alleged contemner possesses such a right in criminal contempt cases
where the punishment assessed is Aserious.@  See
Muniz v. Hoffman, 422 U.S. 454, 475-77 (1975); Ex parte Griffin, 682 S.W.2d
261, 262 (Tex.1984)(orig. proceeding); Ex parte Werblud, supra at 546.  Punishment assessed for criminal contempt
beyond 180 days is considered Aserious@ and may not be assessed unless there was a
jury trial or a jury waiver. 
International Union, United Mine Workers of America v. Bagwell, 512 U.S.
821 (1994).

TEX. GOV=T CODE ANN. ' 21.002(b) (Vernon Supp. 2003) provides that punishment for a single
act of contempt of court is a fine of not more than $500 or confinement in the
county jail for not more than six months or both.  Punishment within these limits is characterized as Apetty.@  See Ex parte Werblud, supra at
546.  Even when the offenses are
separate and the sentence for each act of contempt is less than six months, the
alleged contemner is nevertheless entitled to a jury trial if the sentences are
aggregated to run consecutively, so as to result in punishment exceeding six
months.  See Ex parte Sanchez, 703
S.W.2d 955, 957 (Tex.1986)(orig. proceeding); Ex parte Casillas, 25 S.W.3d 296,
299 (Tex.App. B San Antonio 2000, orig. proceeding).  Where there is a right to a jury trial, the
record must affirmatively show that the court informed the alleged contemner of
the right and that the contemner affirmatively waived that right.  A silent record will yield no presumption of
waiver.  Ex parte Sproull, 815 S.W.2d
250 (Tex.1991)(orig. proceeding). 

 Although the trial court has only committed
Baker to two 90-day jail terms, the supreme court in Ex parte Sproull, supra at
250, held:

An alleged
contemnor has a constitutional right to a jury trial on a Aserious@ charge of criminal contempt.  Ex parte Werblud, 536 S.W.2d 542, 546-47 (Tex.1975).  A charge for which confinement may
exceed six months is serious. (Emphasis added).

 








 The trial court found that each of the 22
failures to pay child support were separate acts of contempt as requested by
Baker=s ex-wife in her petition.  At the hearing on her petition, it was
apparent that the court could sentence Baker to more than 6 months
confinement.  Even today, it is apparent
that the court Amay@ sentence Baker to 1,980 days or 5.4 years in jail for the 22 acts of
contempt.  The record before us does not
affirmatively show that the trial court informed Baker of his right to a jury
trial or that he affirmatively waived that right.  We find that this was a Aserious@ case in which the court should have
admonished Baker concerning his right to trial by jury and his right not to be
compelled to give testimony against himself. 
Ex parte York, 899 S.W.2d 47, 48-49 (Tex.App. B Waco 1995, orig. proceeding).  Thus, we follow the ruling in Sproull
and York that, if Aconfinement may exceed six months,@ the case is Aserious@ and the constitutional safeguards must be
given. 

This
Court=s Ruling

We grant
the writ of habeas corpus and order Baker discharged.

 

TERRY
McCALL

JUSTICE

 

January 16, 2003

Panel consists of: Arnot, C.J., and

Wright, J. and McCall, J.