COURT OF
APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-277-CV
 
IN RE DAVID L. SMITH   
                                                                    APPELLANT
 
------------
FROM THE 371ST DISTRICT
COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
ON
APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
------------
Appellant attempts to appeal from an order
of contempt in a criminal case. On November 27, 2002, we issued a memorandum
opinion dismissing his appeal for want of jurisdiction. On January 28, 2003,
Appellant filed a petition for discretionary review in the court of criminal
appeals. Pursuant to rule 50, we withdraw our judgment and memorandum opinion of
November 27, 2002, and substitute the following in their place, again dismissing
Appellant's appeal for want of jurisdiction.(2)
Appellant David L. Smith, a lawyer,
represented himself in criminal proceedings in municipal court. He was held in
direct contempt of court and confined in jail. We note that the only application
for writ of habeas corpus appearing in the record was filed to request the trial
court to set reasonable bail pending a hearing de novo on the contempt order
under section 21.002(d) of the government code.(3)
We also note that the statute would have allowed Appellant to "be released
on his own personal recognizance,"(4) so the
pretrial application for writ of habeas corpus was unnecessary. Nevertheless,
Appellant's application and his requested relief were granted, and he was
released from jail on the writ bond. Appellant then apparently filed a motion,
as provided by the statute, requesting the presiding judge of the administrative
judicial region to assign another judge (not the municipal judge) to determine
his guilt or innocence.(5) The 371st
District Court was assigned to hear the case de novo. On June 5, 2002, the trial
judge to whom the hearing was assigned entered a document styled "Agreed
Order of Contempt." Appellant was found to be in direct contempt of the
municipal judge's order and assessed a sentence of one day in jail, a $100 fine,
and court costs. Appellant timely filed a pro se motion for new trial and a pro
se general notice of appeal from the trial court's order and subsequent denial
of new trial. Thus, this appeal is not from the denial of habeas corpus relief.
It is a direct appeal from an order of contempt and the denial of a motion for
new trial.
On September 5, 2002, we sent Appellant a
jurisdiction letter stating that contempt judgments are usually not appealable.(6)
Appellant's written response contends that Texas Rule of Appellate Procedure 31
specifically grants us jurisdiction.(7) He
implies that because he is appealing from what he now characterizes as a
judgment in a habeas corpus proceeding, rule 31 trumps our common law. The Texas
Legislature gave the Texas Supreme Court and the Texas Court of Criminal Appeals
power to create rules of appellate procedure, but those rules do "not
abridge, enlarge, or modify the substantive rights of a litigant."(8)
Consequently, rule 31 does not afford Appellant the right to appeal a contempt
judgment.
Because this is an appeal from a criminal
proceeding, we waive all filing fees. Furthermore, because we have no
jurisdiction over appeals from contempt orders, we dismiss this appeal for want
of jurisdiction.(9)
 
  
                                                                    PER
CURIAM
 
PANEL D: DAUPHINOT, HOLMAN, and GARDNER,
JJ.
[DELIVERED FEBRUARY 20, 2003]

1. See Tex. R. App. P. 47.4.
2. Tex. R. App. P. 50.
3. See Tex. Gov't Code Ann. § 21.002(d) (Vernon
Supp. 2003).
4. Id.
5. Id.
6. See In re Long, 984 S.W.2d 623, 625 (Tex.
1999) (orig. proceeding); Cadle Co. v. Lobingier, 50 S.W.3d 662, 671
(Tex. App.--Fort Worth 2001, pet. denied); Ex parte Casillas, 25 S.W.3d
296, 297 n.1 (Tex. App.--San Antonio 2000, orig. proceeding).
7. See Tex. R. App. P. 31.1.
8. Tex. Gov't Code Ann. §§ 22.004(a), 22.108 (Vernon
1988 & Supp. 2003); see also Ford v. State, 73 S.W.3d 923,
928 (Tex. Crim. App. 2002); Southwestern Ref. Co., Inc. v. Bernal, 22
S.W.3d 425, 435-36 (Tex. 2000).
9. See Tex. R. App. P. 42.3(a), 43.2(f).