In re McGonagill 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-034-CV

IN RE

JAMES CLAYTON MCGONAGILL RELATOR

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In this petition for writ of habeas corpus, relator James Clayton McGonagill contends in five issues that the trial court’s order finding him in criminal contempt and committing him to the Parker County Jail for 420 days is void.  We agree that relator is entitled to relief.

Background Facts

The underlying case is a divorce suit.  On November 22, 2004, real party in interest (RPI) Tracey McGonagill filed a petition for enforcement of the trial court’s June 29, 2004 temporary order, in which it had ordered relator to pay certain household expenses as they became due and to deliver certain items of personal property to RPI.  The trial court held a hearing on the enforcement petition and a final hearing for the divorce on February 16, 2005.  At that hearing, the trial judge orally granted the divorce and divided the property.  He also stated on the record that (1) he was holding relator in contempt for thirty-six instances of failure to pay household expenses and six instances of failure to deliver property and (2) he was sentencing relator to ten days’ confinement for each violation; however, the judge further announced that he was suspending the sentence of commitment on the condition that relator pay an indebtedness to Texas Bank on or before February 18, 2005 and that he deliver all property in his possession that was awarded to RPI in the divorce to RPI before March 4, 2005.

The trial court signed a divorce decree on July 1, 2005, which neither party appealed.  On September 12, 2005, the trial court signed an order on its February 16, 2005 oral pronouncement of contempt.
(footnote: 2)  On September 29, 2005, it signed a judgment nunc pro tunc correcting the list of items to be delivered to RPI.

On February 15, 2006, RPI filed a first amended motion to revoke suspension of commitment based on relator’s failure to deliver personal property to RPI by July 9, 2005 and failure to pay $10,000 to RPI’s counsel.
(footnote: 3)  That same day, RPI also filed a second enforcement motion, alleging that relator had failed to comply with the decree by failing to deliver personal property to RPI and failing to pay $4,445.52 to RPI by August 1, 2005.

On April 20, 2006, the trial court held a hearing on RPI’s motions, revoked the suspension of the commitment, and held relator in contempt based on its prior, September 29, 2005 order.  It also held relator in contempt for failure to comply with the decree and sentenced relator to three additional days’ confinement.
(footnote: 4)  The trial court also ordered relator to pay $15,000 to RPI for loss of property and $8,000 to RPI’s attorney.

On April 24, 2006, the trial court signed an order revoking suspension and for commitment to county jail based on relator’s failure to comply with its September 29, 2005 order and an order holding relator in contempt and a writ of commitment based on relator’s failure to comply with the decree.  Relator has served 286 days of the combined 423-day sentences.
(footnote: 5)
Analysis

Relator brings five grounds for relief.  Because at least two of those are dispositive, we will discuss them first.
(footnote: 6)  In his first issue, relator contends that the trial court’s order sentencing him to 420 days’ confinement for failure to comply with the June 29, 2004 temporary orders violated his right to a trial by jury because his sentence exceeded six months and he did not waive his right to trial by jury.

Right to Trial by Jury

Although an absolute right to trial by jury in contempt proceedings does not exist, an alleged contemnor possesses such a right in criminal contempt cases in which the punishment assessed is “serious.”  
See Muniz v. Hoffman
, 422 U.S. 454, 475-77, 95 S. Ct. 2178, 2190-91 (1975); 
Ex parte Griffin
, 682 S.W.2d 261, 262 (Tex. 1984) (orig. proceeding); 
In re Baker
, 99 S.W.3d 230, 231-32 (Tex. App.—Eastland 2003, orig. proceeding).  Punishment assessed for criminal contempt beyond 180 days is considered “serious” and may not be assessed unless there was a jury trial or a jury waiver.  
Ex parte Sproull
, 815 S.W.2d 250, 250 (Tex. 1991) (orig. proceeding); 
Baker
, 99 S.W.3d at 232; 
In re Levingston
, 996 S.W.2d 936, 938 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding).  Section 21.002(b) of the Texas Government Code provides that punishment for a single act of contempt of court is a fine of not more than $500 or confinement in the county jail for not more than six months or both.  
Tex. Gov’t Code Ann.
 § 21.002(b) (Vernon 2004).  Punishment within these limits is characterized as “petty.”  
See Ex parte Werblud
, 536 S.W.2d 542, 546 (Tex. 1976) (orig. proceeding); 
Baker
, 99 S.W.3d at 232. 

Even when the offenses are separate and the sentence for each act of contempt is less than six months, however, the alleged contemnor is nevertheless entitled to a jury trial if the sentences are aggregated to run consecutively, so as to result in punishment exceeding six months.  
See Ex parte Sanchez
, 703 S.W.2d 955, 957 (Tex. 1986) (orig. proceeding); 
Baker
, 99 S.W.3d at 232; 
Ex parte Casillas
, 25 S.W.3d 296, 299 (Tex. App.—San Antonio 2000, orig. proceeding).  When there is a right to a jury trial, the record must affirmatively show that the court informed the alleged contemnor of the right and that the contemnor affirmatively waived that right.  
Baker
, 99 S.W.3d at 232; 
Levingston
, 996 S.W.2d at 938.  A silent record will yield no presumption of waiver.  
Sproull
, 815 S.W.2d at 250.  A contempt sentence in excess of six months that is imposed in violation of the contemnor’s right to a jury trial is void.  
Levingston
, 996 S.W.2d at 938.

Here, the trial court’s September 29, 2005 order holding relator in contempt but suspending commitment states that a jury trial was waived.  However, the reporter’s record from the February 16, 2005 hearing on the contempt motion is also included in the habeas record.  Nowhere in that reporter’s record does the trial court inform relator of his right to a trial by jury; likewise, there is nothing in that record indicating that relator waived his right to a trial by jury.  The September 29, 2005 order was signed by the judge only and not counsel or the parties.  Accordingly, we conclude and hold that the record shows that the trial court sentenced relator to greater than six months’ confinement in violation of his right to a jury trial and that he is entitled to relief on that ground.  
See Baker
, 99 S.W.3d at 232; 
Levingston
, 996 S.W.3d at 938–39.

No Criminal Contempt for Failure to Pay Debt

In his fourth issue, relator contends that he is being imprisoned for failure to pay a debt in violation of the Texas Constitution because part of his 420-day sentence (360 days) is based on thirty-six violations of the trial court’s June 29, 2004 temporary order holding relator responsible for paying certain household expenses, such as alarm system bills, telephone bills, and utility bills.

The failure to comply with an order to pay a debt is not contempt punishable by imprisonment.  
Tex. Const.
 art. I, § 18; 
In re Bielefeld
, 143 S.W.3d 924, 927 (Tex. App.—Fort Worth 2004, orig. proceeding) (op. on reh’g).  An order imprisoning a person for failure to pay a debt is void and may be attacked by a petition for writ of habeas corpus.  
Bielefeld
, 143 S.W.3d at 927-28.  A trial court’s temporary orders compelling a spouse to make house payments and car payments during a divorce are orders for the payment of a debt; thus, such orders are unenforceable by confinement for criminal contempt because such confinement would amount to imprisonment for debt in violation of article I, section 18 of the Texas Constitution.  
Ex parte Delcourt
, 868 S.W.2d 373, 375 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding); 
Whitt v. Whitt
, 684 S.W.2d 731, 734 (Tex. App.—Houston [14th Dist.] 1984, no writ); 
see also 
Tex. Const.
 art. I, § 18; 
Bielefeld
, 143 S.W.3d at 929 & n.16.

Here, the trial court ordered that relator be confined for 360 days for failure to pay household debts in accordance with its temporary orders.  
Accordingly, we conclude and hold that relator is entitled to relief under his fourth issue as well.
(footnote: 7)
Conclusion

We grant the relief requested in relator’s petition for writ of habeas corpus and order that relator be released from bond and discharged from custody.
(footnote: 8)

 PER CURIAM

PANEL B: LIVINGSTON, J.; CAYCE, C.J., and DAUPHINOT, J.

DELIVERED: March 5, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Although the order was signed September 12, 2005, it suspended the sentence of commitment conditioned on relator paying the Texas Bank indebtedness as of February 18, 2005, and delivering property to RPI by July 9, 2005, both of which dates had already passed.

3:
The attorney’s fees judgment was not a condition of the suspension of commitment.

4:
Relator does not challenge this second order; therefore, the relief we order in this opinion does not pertain to relator’s past confinement under that order.

5:
On February 2, 2007, this court ordered relator released on a $2,500 bond pending the outcome of this original proceeding.  
See
 
Tex. R. App. P.
 52.8(b)(3).  
Although we requested a response from RPI in the same order, she failed to file one.  
See
 
Tex. R. App. P.
 52.8(b)(1).

6:
Because these two issues are dispositive, we need not address relator’s remaining issues.  
See
 
Tex. R. App. P.
 47.1; 
Carrico v. Kondos
, 111 S.W.3d 582, 586 n.2 (Tex. App.—Fort Worth 2003, pet. denied).

7:
Once we subtract the void 360 days from relator’s 420-day sentence, we see that relator has already served well over the remaining 60 days of his 420-day sentence.

8:
Our disposition grants the only relief requested by relator, i.e., release from confinement because such confinement is void; therefore, it does not affect any other aspect of the trial court’s orders.