COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-07-034-CV

 

 

IN RE

 

JAMES CLAYTON
MCGONAGILL                                               RELATOR

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In this petition for writ of
habeas corpus, relator James Clayton McGonagill contends in five issues that
the trial court=s order
finding him in criminal contempt and committing him to the Parker County Jail
for 420 days is void.  We agree that
relator is entitled to relief.

Background Facts








The underlying case is a
divorce suit.  On November 22, 2004, real
party in interest (RPI) Tracey McGonagill filed a petition for enforcement of
the trial court=s June 29,
2004 temporary order, in which it had ordered relator to pay certain household
expenses as they became due and to deliver certain items of personal property
to RPI.  The trial court held a hearing
on the enforcement petition and a final hearing for the divorce on February 16,
2005.  At that hearing, the trial judge
orally granted the divorce and divided the property.  He also stated on the record that (1) he was
holding relator in contempt for thirty-six instances of failure to pay
household expenses and six instances of failure to deliver property and (2) he
was sentencing relator to ten days= confinement for each violation; however, the judge further announced
that he was suspending the sentence of commitment on the condition that relator
pay an indebtedness to Texas Bank on or before February 18, 2005 and that he
deliver all property in his possession that was awarded to RPI in the divorce
to RPI before March 4, 2005.








The trial court signed a divorce
decree on July 1, 2005, which neither party appealed.  On September 12, 2005, the trial court signed
an order on its February 16, 2005 oral pronouncement of contempt.[2]  On September 29, 2005, it signed a judgment
nunc pro tunc correcting the list of items to be delivered to RPI.

On February 15, 2006, RPI
filed a first amended motion to revoke suspension of commitment based on
relator=s failure to deliver personal property to RPI by July 9, 2005 and
failure to pay $10,000 to RPI=s counsel.[3]  That same day, RPI also filed a second enforcement
motion, alleging that relator had failed to comply with the decree by failing
to deliver personal property to RPI and failing to pay $4,445.52 to RPI by
August 1, 2005.

On April 20, 2006, the trial
court held a hearing on RPI=s motions, revoked the suspension of the commitment, and held relator
in contempt based on its prior, September 29, 2005 order.  It also held relator in contempt for failure
to comply with the decree and sentenced relator to three additional days= confinement.[4]  The trial court also ordered relator to pay
$15,000 to RPI for loss of property and $8,000 to RPI=s attorney.








On April 24, 2006, the trial
court signed an order revoking suspension and for commitment to county jail
based on relator=s failure to
comply with its September 29, 2005 order and an order holding relator in
contempt and a writ of commitment based on relator=s failure to comply with the decree. 
Relator has served 286 days of the combined 423-day sentences.[5]

Analysis

Relator brings five grounds
for relief.  Because at least two of
those are dispositive, we will discuss them first.[6]  In his first issue, relator contends that the
trial court=s order
sentencing him to 420 days= confinement for failure to comply with the June 29, 2004 temporary
orders violated his right to a trial by jury because his sentence exceeded six
months and he did not waive his right to trial by jury.

Right to Trial by Jury








Although an absolute right to
trial by jury in contempt proceedings does not exist, an alleged contemnor
possesses such a right in criminal contempt cases in which the punishment
assessed is Aserious.@  See Muniz v. Hoffman,
422 U.S. 454, 475‑77, 95 S. Ct. 2178, 2190-91 (1975); Ex parte Griffin,
682 S.W.2d 261, 262 (Tex. 1984) (orig. proceeding); In re Baker, 99
S.W.3d 230, 231-32 (Tex. App.CEastland 2003, orig. proceeding). 
Punishment assessed for criminal contempt beyond 180 days is considered Aserious@ and may not
be assessed unless there was a jury trial or a jury waiver.  Ex parte Sproull, 815 S.W.2d 250, 250
(Tex. 1991) (orig. proceeding); Baker, 99 S.W.3d at 232; In re
Levingston, 996 S.W.2d 936, 938 (Tex. App.CHouston [14th Dist.] 1999, orig. proceeding).  Section 21.002(b) of the Texas Government
Code provides that punishment for a single act of contempt of court is a fine
of not more than $500 or confinement in the county jail for not more than six
months or both.  Tex. Gov=t Code Ann. ' 21.002(b) (Vernon 2004). 
Punishment within these limits is characterized as Apetty.@  See Ex parte Werblud, 536 S.W.2d 542,
546 (Tex. 1976) (orig. proceeding); Baker, 99 S.W.3d at 232. 








Even when the offenses are
separate and the sentence for each act of contempt is less than six months,
however, the alleged contemnor is nevertheless entitled to a jury trial if the
sentences are aggregated to run consecutively, so as to result in punishment
exceeding six months.  See Ex parte
Sanchez, 703 S.W.2d 955, 957 (Tex. 1986) (orig. proceeding); Baker,
99 S.W.3d at 232; Ex parte Casillas, 25 S.W.3d 296, 299 (Tex. App.CSan Antonio 2000, orig. proceeding). 
When there is a right to a jury trial, the record must affirmatively
show that the court informed the alleged contemnor of the right and that the
contemnor affirmatively waived that right. 
Baker, 99 S.W.3d at 232; Levingston, 996 S.W.2d at
938.  A silent record will yield no
presumption of waiver.  Sproull,
815 S.W.2d at 250.  A contempt sentence
in excess of six months that is imposed in violation of the contemnor=s right to a jury trial is void. 
Levingston, 996 S.W.2d at 938.

Here, the trial court=s September 29, 2005 order holding relator in contempt but suspending
commitment states that a jury trial was waived. 
However, the reporter=s record from the February 16, 2005 hearing on the contempt motion is
also included in the habeas record. 
Nowhere in that reporter=s record does the trial court inform relator of his right to a trial
by jury; likewise, there is nothing in that record indicating that relator
waived his right to a trial by jury.  The
September 29, 2005 order was signed by the judge only and not counsel or the
parties.  Accordingly, we conclude and
hold that the record shows that the trial court sentenced relator to greater
than six months= confinement
in violation of his right to a jury trial and that he is entitled to relief on
that ground.  See Baker, 99 S.W.3d
at 232; Levingston, 996 S.W.3d at 938B39.








No
Criminal Contempt for Failure to Pay Debt

In his
fourth issue, relator contends that he is being imprisoned for failure to pay a
debt in violation of the Texas Constitution because part of his 420-day
sentence (360 days) is based on thirty-six violations of the trial court=s June 29, 2004 temporary order holding relator responsible for paying
certain household expenses, such as alarm system bills, telephone bills, and
utility bills.

The failure to comply with an
order to pay a debt is not contempt punishable by imprisonment.  Tex.
Const. art. I, ' 18; In
re Bielefeld, 143 S.W.3d 924, 927 (Tex. App.CFort Worth 2004, orig. proceeding) (op. on reh=g).  An order imprisoning a
person for failure to pay a debt is void and may be attacked by a petition for
writ of habeas corpus.  Bielefeld,
143 S.W.3d at 927-28.  A trial court=s temporary orders compelling a spouse to make house payments and car
payments during a divorce are orders for the payment of a debt; thus, such
orders are unenforceable by confinement for criminal contempt because such
confinement would amount to imprisonment for debt in violation of article I,
section 18 of the Texas Constitution.  Ex
parte Delcourt, 868 S.W.2d 373, 375 (Tex. App.CHouston [1st Dist.] 1993, orig. proceeding); Whitt v. Whitt,
684 S.W.2d 731, 734 (Tex. App.CHouston [14th Dist.] 1984, no writ); see also Tex. Const. art. I, ' 18; Bielefeld, 143 S.W.3d at 929 & n.16.








Here, the trial court ordered
that relator be confined for 360 days for failure to pay household debts in
accordance with its temporary orders. 
Accordingly, we conclude and hold that relator is entitled to relief
under his fourth issue as well.[7]

Conclusion

We grant the relief requested
in relator=s petition
for writ of habeas corpus and order that relator be released from bond and
discharged from custody.[8]

 

                                                        PER CURIAM

 

PANEL B:   LIVINGSTON, J.; CAYCE, C.J., and DAUPHINOT,
J.

 

DELIVERED:
March 5, 2007











[1]See Tex.
R. App. P. 47.4.





[2]Although the order was signed
September 12, 2005, it suspended the sentence of commitment conditioned on
relator paying the Texas Bank indebtedness as of February 18, 2005, and
delivering property to RPI by July 9, 2005, both of which dates had already
passed.





[3]The attorney=s fees judgment was not a condition
of the suspension of commitment.





[4]Relator does not challenge this
second order; therefore, the relief we order in this opinion does not pertain
to relator=s past confinement under that
order.





[5]On
February 2, 2007, this court ordered relator released on a $2,500 bond pending
the outcome of this original proceeding. 
See Tex. R. App. P.
52.8(b)(3).  Although we requested a response
from RPI in the same order, she failed to file one.  See Tex.
R. App. P. 52.8(b)(1).





[6]Because these two issues are
dispositive, we need not address relator=s remaining issues.  See
Tex. R. App. P. 47.1; Carrico
v. Kondos, 111 S.W.3d 582, 586 n.2 (Tex. App.CFort Worth 2003, pet. denied).





[7]Once we subtract the void 360 days
from relator=s 420-day sentence, we see that
relator has already served well over the remaining 60 days of his 420-day
sentence.





[8]Our disposition grants the only
relief requested by relator, i.e., release from confinement because such
confinement is void; therefore, it does not affect any other aspect of the
trial court=s orders.