**In re Stewart McCRAY, Relator.**

Nos. 05–10–00994–CV, 05–10–00995–CV.

Court of Appeals of Texas, Dallas.

Oct. 6, 2010.

Kevin R. Fuller, Koons, Fuller, Vanden Eykel & Robertson, P.C., Lupe Valdez, Dallas County Sheriff, Dallas, TX, for Others.

Charles H. Robertson, Robertson & Railsback, Michelle May O'Neil, Ashely Bowline Russell, O'Neil Attorneys Family Law, Dallas, TX, for Relator.

---

**2.** *Cire v. Cummings,* 134 S.W.3d 835, 843 (Tex.2004) (citing *Trevino v. Ortega,* 969 S.W.2d 950, 952 (Tex.1998)).

Diana S. Friedman, Diana S. Friedman, P.C., Dallas, TX, for Real Party in Interest.

Before Justices MOSELEY, LANG, and MYERS.

## OPINION

Opinion by Justice MOSELEY.

Before the Court are relator's petitions for habeas corpus relating to the trial court's August 4, 2010, orders of contempt and writs of commitment. Among other issues, relator complains that he was wrongfully denied a jury trial. We agree with relator. Accordingly, we grant the writs of habeas corpus, set aside the orders of contempt and writs of commitment, and order relator discharged.

Prior to the start of his criminal contempt proceeding, relator requested a jury trial. The trial court denied the request because real party in interest stated that she was not seeking more than six months in jail or more than a $500 fine. After he was found guilty of contempt and ordered to serve multiple six month sentences, relator filed these petitions. The Court requested responses from real party in interest and from the trial judge. Real party in interest filed a response, stating she no longer opposed relator's petitions. Relator then filed a motion for sanctions against real party in interest. Our review of the record does not reflect that real party in interest committed any sanctionable offenses in her responses to the petitions or otherwise, so we DENY the motion for sanctions.

The orders signed by the trial court did not clearly state that the jail terms imposed by the court were to be served concurrently. Accordingly, relator was sentenced to more than six months in jail and was entitled to a trial by jury. *See Ex parte Sproull*, 815 S.W.2d 250, 250 (Tex. 1991). We need not address relator's other arguments in his petitions for writ of habeas corpus.

Therefore, we **GRANT** habeas corpus relief and **VACATE** the writ of commitment and written order dated August 4, 2010, entitled Order Holding Stewart Phillip McCray in Contempt for Failure to Pay Court Ordered Payments, Granting Judgment, and for Commitment to County Jail, issued by the 255th District Court of Dallas County, Texas, styled *In the Matter of the Marriage of Stewart Phillip McCray and Nikki Slaughter McCray*. We further **VACATE** the writ of commitment and written order dated August 4, 2010, entitled Order Holding Respondent in Contempt for Failure to Pay Child Support, Granting Judgment, and for Commitment to County Jail, issued by the 255th District Court of Dallas County, Texas, styled *In the Matter of the Marriage of Stewart Phillip McCray and Nikki Slaughter McCray*. We **ORDER** that relator Stewart McCray be unconditionally released and discharged from the custody of the Sheriff of Dallas County pursuant to those same writs of commitment and written orders.

Our review of the record does not reflect that real party in interest committed any sanctionable offenses in her responses to the petitions or otherwise, so we **DENY** the motion for sanctions.