In Re David L. Smith

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-277-CV

IN RE DAVID L. SMITH APPELLANT

------------

FROM THE 371
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) ON 

APPELLANT’S PETITION FOR DISCRETIONARY REVIEW

------------

Appellant attempts to appeal from an order of contempt in a criminal case.  On November 27, 2002, we issued a memorandum opinion dismissing his appeal for want of jurisdiction.  On January 28, 2003, Appellant filed a petition for discretionary review in the court of criminal appeals.  Pursuant to rule 50, we withdraw our judgment and memorandum opinion of November 27, 2002, and substitute the following in their place, again dismissing Appellant’s appeal for want of jurisdiction.
(footnote: 2)  

Appellant David L. Smith, a lawyer, represented himself in criminal proceedings in municipal court.  He was held in direct contempt of court and confined in jail.  We note that the only application for writ of habeas corpus appearing in the record was filed to request the trial court to set reasonable bail pending a hearing de novo on the contempt order under section 21.002(d) of the government code.
(footnote: 3)  We also note that the statute would have allowed Appellant to “be released on his own personal recognizance,”
(footnote: 4) so the pretrial application for writ of habeas corpus was unnecessary.  Nevertheless, Appellant’s application and his requested relief were granted, and he was released from jail on the writ bond.  Appellant then apparently filed a motion, as provided by the statute, requesting the presiding judge of the administrative judicial region to assign another judge (not the municipal judge) to determine his guilt or innocence.
(footnote: 5)  The 371
st
 District Court was assigned to hear the case de novo.  On June 5, 2002, the trial judge to whom the hearing was assigned entered a document styled “Agreed Order of Contempt.”  Appellant was found to be in direct contempt of the municipal judge’s order and assessed a sentence of one day in jail, a $100 fine, and court costs.  Appellant timely filed a pro se motion for new trial and a pro se general notice of appeal from the trial court’s order and subsequent denial of new trial.  Thus, this appeal is not from the denial of habeas corpus relief.  It is a direct appeal from an order of contempt and the denial of a motion for new trial. 

On September 5, 2002, we sent Appellant a jurisdiction letter stating that contempt judgments are usually not appealable.
(footnote: 6)  Appellant’s written response contends that Texas Rule of Appellate Procedure 31 specifically grants us jurisdiction.
(footnote: 7)  He implies that because he is appealing from what he now characterizes as a judgment in a habeas corpus proceeding, rule 31 trumps our common law.  The Texas Legislature gave the Texas Supreme Court and the Texas Court of Criminal Appeals power to create rules of appellate procedure, but those rules do “not abridge, enlarge, or modify the substantive rights of a litigant.”
(footnote: 8)  Consequently, rule 31 does not afford Appellant the right to appeal a contempt judgment.  

Because this is an appeal from a criminal proceeding, we waive all filing fees.  Furthermore, because we have no jurisdiction over appeals from contempt orders, we dismiss this appeal for want of jurisdiction.
(footnote: 9)

PER CURIAM

PANEL D: DAUPHINOT, HOLMAN, and GARDNER, JJ.

[DELIVERED FEBRUARY 20, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. R. App. P.
 50.

3:
See
 
Tex. Gov’t Code Ann. 
§ 21.002(d) (Vernon Supp. 2003).

4:
Id.

5:
Id.

6:
See In re Long
, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding); 
Cadle Co. v. Lobingier
, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied); 
Ex parte Casillas
, 25 S.W.3d 296, 297 n.1 (Tex. App.—San Antonio 2000, orig. proceeding).

7:
See 
Tex. R. App. P.
 31.1.

8:
Tex. Gov’t Code Ann. 
§§ 22.004(a), 22.108 (Vernon 1988 & Supp. 2003); 
see also
 
Ford v. State
, 73 S.W.3d 923, 928 (Tex. Crim. App. 2002);
 
Southwestern Ref. Co., Inc. v. Bernal
, 22 S.W.3d 425, 435-36 (Tex. 2000).

9:
See 
Tex. R. App. P.
 42.3(a), 43.2(f).