NUMBER 13-05-487-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

                                                                                                                       


EX PARTE ROGER GERDES, JR.

                                                                                                                                   


                                                              

                              On
Petition for Writ of Habeas Corpus

                                                                                 
                                      

                                          O
P I N I O N

 

                          Before
Justices Yañez, Castillo, and Garza

                                        Opinion
by Justice Yañez

 

This habeas corpus proceeding arises from a contempt
order against Roger Gerdes for his failure, as a judgment debtor, to comply with
an injunction relating to the preservation of assets subject to judgment.  We conclude the contempt order is void.  Accordingly, we grant the writ of habeas
corpus and order Gerdes discharged from the trial court=s judgment of contempt.

                                                    Contempt
and Habeas Corpus 








An original habeas corpus proceeding is a collateral
attack on a contempt order.  Ex parte
Rohleder, 424 S.W.2d 891, 892 (Tex. 1967) (orig. proceeding); Ex parte
Casillas, 25 S.W.3d 296, 298‑99 (Tex. App.BSan Antonio 2000, orig. proceeding).  As such, the sole purpose of the proceeding
is to determine whether the contemnor was afforded due process of law or if the
order of contempt is void.  See Ex
parte Gordon, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding); In re
Levingston, 996 S.W.2d 936, 937 (Tex. App.BHouston [14th Dist.] 1999, orig. proceeding).  A court will issue a writ of habeas corpus if
the order underlying the contempt is void or if the contempt order itself is
void.  Ex parte Shaffer, 649
S.W.2d 300, 302 (Tex. 1983) (orig. proceeding); Gordon, 584 S.W.2d at
688.  A contempt order is void if it is
beyond the power of the court to enter it or if it deprives the relator of
liberty without due  process of law.  Casillas, 25 S.W.3d at 299; Ex
parte Friedman, 808 S.W.2d 166, 168 (Tex. App.BEl Paso 1991, orig. proceeding).

                                                                    Background








The parties are involved in a post-judgment
collection dispute.  The trial court
entered three separate turnover orders against Gerdes and in favor of the
judgment creditors, John Kennamer, Mora Kennamer, and Laguna Vista
International, Inc.  The October 14,
2002, turnover order required Gerdes to produce stock certificates or other
physical evidence of ownership in three separate corporations.  The December 2, 2002, turnover order required
Gerdes to produce any original evidence of ownership of property in the name of
Immobiliaria Don Rogelio S. de R.L. de C.V. 
The January 8, 2003, turnover order required Gerdes to produce originals
of ownership and transfer documents executed by Gerdes and his wife, Carolyn
Gerdes.  On February 10, 2003, the trial
court held Gerdes in civil contempt and ordered Gerdes incarcerated Auntil such time as he fully complies with the October
14, 2002 and December 2, 2002 turnover orders.@[1]      

During the course of the underlying proceedings, the
trial court entered several orders requiring the preservation of the property
and assets at issue in the lawsuit. 
Before trial, on September 6, 2001, the trial court entered an order
restraining the parties or agents from "selling, transferring, wasting or
destroying any assets relating to the business and properties of Laguna Vista
lodge."  On July 31, 2002, after
trial, the trial court=s final judgment[2]
expressly continued the injunction that had been entered on September 6,
2001.  On October 28, 2002, the trial
court entered an order restraining Gerdes or his agents from
"transferring, selling, wasting, or encumbering the Laguna Vista lodge
business, assets, and real property." 
The trial court's February 10, 2003 contempt order continued the October
28, 2002 injunction for "so long as Gerdes refuses to comply" with
the turnover orders.  

On February 7, 2005, Kennamer filed a motion for an
order of contempt against Gerdes for violating the trial court=s injunction prohibiting the encumbrance of judgment
assets.  According to the motion, Gerdes
had leased the Laguna Vista property on August 7, 2003.  On March 11, 2005, the trial court agreed and
again held Gerdes in contempt.  The
court's March 11, 2005 contempt order, which is at issue in this proceeding,
provides, in part:








1.         By
order dated September 6, 2001, the Court entered an order enjoining the parties
(or any persons acting in concert with them) from Aselling, transferring, wasting or destroying any
assets relating to the business and properties of Laguna Vista Lodge.@

 

2.         On
July 31, 2002, the Court entered its Final Judgment in this case, awarding a
net recovery in favor of John Kennamer against Roger Gerdes, Jr. (AGerdes@) in the amount of $915,392.65.  The Final Judgment continued the injunction
set out above until 10 days after the judgment became final for purposes of
execution.

 

3.         On
February 10, 2003, the Court entered an order of contempt against Gerdes for
his refusal to comply with two turnover orders (dated October 14, 2002, and
December 2, 2002).  In that order, Gerdes
and those acting in concert with him were enjoined and restrained from Atransferring, selling, wasting or encumbering the
Laguna Vista lodge business, assets, and real property@ until such time as Gerdes complies with the Turnover
Orders.

 

4.         On
August 7, 2003, Gerdes, or someone acting in concert with him, caused a lease
to be made, encumbering the property in Mexico where the Laguna Vista lodge is
located.  At that time, Gerdes had not
complied with the Turnover Orders, and therefore the injunction was in force
and effect.  Gerdes still has not
complied with the Turnover Orders.

 

5.         The
making of the lease encumbers the Laguna Vista lodge business, assets, and real
property and constitutes a willful violation of the injunction order in force
and effect.

 

The Court further finds that Gerdes= willful violation of the injunction order justifies
holding Gerdes in contempt.  Gerdes is
already incarcerated in the Matagorda County Jail, having been held in contempt
by this Court's order of February 10, 2003. 
Because he may be held on that contempt finding until March 16, 2005
(which is 18 months after he was first confined), it is this Court's order that
Gerdes continue to be confined for so long after March 16, 2005 until the
earlier of (a) Gerdes' compliance with all of this Court's turnover orders,
including the orders dated October 14, 2002, December 2, 2002, and January 8,
2003,[3]
or (b) the expiration of 18 months after March 16, 2005.

 








By five issues, Gerdes contends that the contempt
order is void because (1) the movant for contempt, John Kennamer, failed to
prove that Gerdes violated the injunction order entered by the trial court
which served as the sole basis for the trial court=s finding of contempt; (2) Gerdes was adjudged guilty
of criminal contempt without being afforded his constitutional right to trial
by jury, in violation of the sixth amendment to the United States Constitution
and article 1, section 10 of the Texas Constitution; (3) the term of imprisonment
imposed by the trial court exceeded the maximum punishment allowed by statute;
(4) Gerdes was deprived of his constitutional right to the assistance of
counsel; and (5) Gerdes was deprived of adequate notice to prepare for the
contempt hearing in violation of the due process clause of the fourteenth
amendment of the United States Constitution and rule of civil procedure 21.

                                                                       Analysis

As will be discussed more fully below, we agree with
Gerdes that the contempt order is void. 
First, and fundamentally, the contempt order is structurally defective
insofar as it attempts to punish Gerdes for an act of criminal contempt by
continuing or prolonging his confinement for a prior act of civil
contempt.  Second, Gerdes was deprived of
his right to counsel at the contempt hearing. 

In connection with his second and third issues, and
in his reply to Kennamer=s response to the petition for writ of habeas corpus,
Gerdes argues that the instant contempt order impermissibly attempts to
continue the punishment assessed for his prior act of civil contempt.  Gerdes argues that:  A[He] has been confined for civil contempt for 18
months for non-compliance with the Court=s order relative to the turnover orders.  He cannot lawfully be confined any longer for
violating the Court=s orders in that regard.@  Gerdes also
argues that the punishment assessed by the trial court exceeds the maximum
allowed by statute.








We agree with Gerdes=s contentions. 


In the instant case, the motion for contempt stated
that Gerdes was Asubject to criminal (or punitive) contempt for
blatant disobedience of [the] Court=s injunction.@  Accordingly,
the contemptible conduct at issue is deemed to be constructive contempt rather
than direct contempt.  See Ex
parte Chambers, 898 S.W.2d 257, 259 (Tex. 1995) (direct contempt occurs
within the presence of the court, while constructive contempt occurs outside
the court's presence); Ex parte Durham, 921 S.W.2d 482, 485 (Tex. App.BCorpus Christi 1996, orig. proceeding) (same).  

The motion distinguished the act currently subject to
contempt, that is, Gerdes=s violation of the trial court=s injunctions prohibiting encumbrance of the judgment
property, from that generating the Aprior order of coercive contempt,@ that is, Gerdes=s failure to comply with the trial court=s  turnover
orders.  Kennamer argued that the trial
court=s power to hold Gerdes in punitive contempt was not
restricted by the prior order of coercive contempt.  The motion sought incarceration for Apunitive contempt.@ 

Despite Kennamer=s request for punitive contempt based on Gerdes=s violation of the court=s injunction prohibiting the encumbrance of the
judgment property, the contempt order at issue in this cause ostensibly
assesses a coercive punishment intended to secure Gerdes=s compliance with the court=s turnover orders. 
Specifically, the order provides that Gerdes shall Acontinue to be confined for so long after March 16,
2005 until the earlier of (a) Gerdes' compliance with all of this Court's
turnover orders, including the orders dated October 14, 2002, December 2, 2002,
and January 8, 2003, or (b) the expiration of 18 months after March 16, 2005.@








The order entered by the trial court is inconsistent
with the relief requested in the motion for contempt, and more fundamentally,
inconsistent with a civil contempt finding. 
In determining whether a contempt is civil or criminal in nature, it is
the purpose of the contempt proceeding that is determinative.  Ex parte Werblud, 536 S.W.2d 542, 545
(Tex. 1976); In re Wiese, 1 S.W.3d 246, 249 (Tex. App.BCorpus Christi 1999, orig. proceeding).  Civil contempt arises from the failure to
obey a court order or decree.  Ex
parte Powell, 883 S.W.2d 775, 778 (Tex. App.BBeaumont 1994, orig. proceeding).  The paradigmatic coercive civil contempt
sanction involves confining a contemnor indefinitely until he complies with an
affirmative command.   In re Sheshtawy,
154 S.W.3d 114, 126 (Tex. 2004). 
Similarly, imprisonment for a fixed term is coercive when the contemnor
is given the option of earlier release if he complies with the affirmative
command.  See id.  In these circumstances, the contemnor is able
to purge the contempt and obtain his release by committing an affirmative act,
and thus Acarries the keys of his prison in his own pocket.@  See id.
(citations omitted); In re Surgent, 133 S.W.3d 744, 750 (Tex. App.BCorpus Christi 2003, orig. proceeding).  

In contrast, the object of criminal contempt is to
punish the contemnor for an affront to the court.  Surgent, 133 S.W.3d at 750.  Criminal contempt arises from the doing of
some forbidden act.  Powell, 883
S.W.2d at 778.  A fixed sentence of
imprisonment is punitive and criminal if it is imposed retrospectively for a
completed act of disobedience.  Sheshtawy,
154 S.W.3d at 126.  In such a case, the
contemnor cannot avoid or abbreviate the confinement through compliance.  Id. 
A criminal contempt order has no coercive effect.  See id.  In a criminal contempt, the punishment is not
contingent and there is nothing that the contemnor can do to avoid it.  In re Long, 984 S.W.2d 623, 626 (Tex.
1999).








The act at issue in this proceeding, that is, Gerdes=s failure to comply with the trial court=s injunction regarding the impairment of judgment
assets, constitutes a completed act of disobedience rather than an ongoing
failure to obey a court order requiring affirmative action on his part.  Further, the purpose of the proceeding, as
urged by Kennamer, was clearly to punish Gerdes for his failure to abide by the
trial court=s injunction regarding the impairment of judgment
assets, rather than his failure to comply with the turnover orders.  Both of these issues are indicative of
criminal contempt.  Despite this, the
contempt order entered by the trial court purports to impose a coercive civil
sanction against Gerdes, again attempting to require Gerdes to comply with the
trial court=s turnover orders, rather than impose a sanction for
his encumbrance of the judgment property.

As recognized by the trial court=s order, Gerdes had already been incarcerated for
civil contempt for his failure to comply with the turnover orders, resulting in
eighteen month=s incarceration. 
The trial court could not repunish Gerdes for the turnover orders.  A[A] single act of contempt, once it has been
punished, cannot be repunished with ever larger fines or jail terms.@  Ex parte
Hudson, 917 S.W.2d 24, 26 (Tex. 1996).  
 








Moreover, to the extent that the order ostensibly is
a civil contempt order, we would note that Gerdes has already been punished for
failure to comply with the turnover orders to the full extent allowed by
statute, which only allows eighteen months incarceration or until the date Athe person complies with the court order that was the
basis of the finding of contempt.@  See Tex. Gov=t Code Ann. ' 21.002(h)(2) (Vernon 2004).  In this regard, attempting to impose a civil
coercive order by extending the coercive aspect of the order simply does not
work with the act at issue in this caseBa completed act of disobedienceBthat cannot be corrected by any action on Gerdes=s part.  The
statute itself contemplates that the act at issue be the one that can be
corrected by affirmative action.  See
id. (person may not be confined for civil contempt longer than Athe lesser of 18 months or the period from the date
of confinement to the date the person complies with the court order that was
the basis of the finding of contempt, if the confinement is for civil
contempt@) (emphasis added). 


Based on the foregoing, we conclude that the order at
issue is void as it (1) attempts to repunish Gerdes for a prior act of
contempt, see Hudson, 917 S.W.2d at 26; and (2) exceeds the maximum
period of confinement allowed by statute for civil contempt, see Tex. Gov=t Code Ann. ' 21.002(h)(2).   

In his fourth issue, Gerdes contends he was deprived
of his constitutional right to the assistance of counsel.  In response, Kennamer generally argues that
Gerdes received due process at the contempt hearing.  Kennamer filed and served the motion for
contempt on February 7, 2005.  A
disqualification hearing was originally set for February 23, 2005, then reset
to March 8, 2005.  After Gerdes=s motion for disqualification was denied on March 8,
the motion for contempt was then set for hearing on March 11, 2005.

Gerdes filed a hand-written motion for continuance
the day of the hearing in which he asked for ample time to prepare for the
hearing and to find an attorney.  AA lawyer is our main goal.@  At the
hearing itself, Gerdes asked again for an attorney and argued that it would
violate his basic rights to proceed without counsel.  








We agree.  An
adult defendant is entitled to an attorney for even a civil contempt proceeding
if he faces the possibility of incarceration. See Ex parte Gonzales, 945
S.W.2d 830, 836 (Tex. Crim. App. 1997) (determining that contemnor is entitled
to legal representation in contempt proceeding even where proceeding stems from
civil action if contemnor faces possibility of imprisonment); In re B.A.M.,
980 S.W.2d 788, 790 (Tex. App.BSan Antonio 1998, orig. proceeding).  It is Asettled law@ in this state that if a contemnor requests, he is
entitled to be represented by counsel in a contempt proceeding.  Ex parte Sanchez, 703 S.W.2d 955, 958
(Tex. 1986); Ex Parte Hiester, 572 S.W.2d 300, 302 (1978).   Moreover, it matters not that Gerdes=s motion for continuance was hand-written and not
sworn.  See Sanchez, 703 S.W.2d at
957-58 (AIt is because of our eagerness to guarantee that
Sanchez's rights of due process be protected and that he not be deprived of his
liberty except by due course of law that we do not consider as waiver of this
point that the motion for continuance was orally made and was unsworn.@). Accordingly, we sustain Gerdes=s issue regarding his right to counsel.

                                                                     Conclusion

Because of our disposition of the foregoing issues,
we need not address Gerdes=s remaining arguments. See Tex. R. App. P. 47.1.  We GRANT Gerdes=s petition for writ of habeas corpus and ORDER him
unconditionally released and discharged from the custody of the Sheriff of
Matagorda County pursuant to, and only from, the March 11, 2005 order of
contempt and the commitment order issued by the judge of the 23rd Judicial
District Court of Matagorda County, Texas, in cause number 01-H-0435-C, styled John
Kennamer, Mora Kennamer, and Laguna Vista International, Inc. v. Roger Gerdes,
Jr., Carolyn Gerdes, and Rogert Gerdes, III. 


Any pending motions are denied as moot.  

_______________________

LINDA REYNA YAÑEZ,

Justice

 

Opinion delivered and filed this 

the 26th day of January, 2006.                    











[1] At the time this order was
entered, Gerdes had appealed the January 8, 2003, turnover order.  The turnover order was ultimately
affirmed.  See Gerdes v. Kennamer,
155 S.W.3d 141 (Tex. App.BCorpus Christi 2004, pet. denied).





[2] The final judgment was affirmed on
appeal.  See Gerdes v. Kennamer,
155 S.W.3d 523 (Tex. App.BCorpus Christi 2004, pet. denied).





[3] 
The parties have not raised or briefed the propriety of the trial court=s inclusion of the January 8, 2003
turnover order in the March 11, 2005, contempt order.  Accordingly, we will not address this issue
herein.  See Tex. R. App. P. 38.1.