**In re David Wayne LEVINGSTON, Relator.**

No. 14–99–00506–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 22, 1999.

Daniel Lemkuil, Houston, for appellant.

Thomas Preston, Houston, for appellee.

Panel consists of Justices YATES, FOWLER and FROST.

## OPINION

FOWLER, Justice.

This petition for writ of habeas corpus arises out of a contempt order for failure to pay child support. Relator, David Wayne Levingston, was found in criminal and civil contempt for failure to pay child support. Relator complains, among other things, that he was deprived of a jury trial and that the contempt order is void because it does not include the provisions of the divorce decree allegedly violated. We agree and grant the petition.

In November 1989, relator and Lindy Jo Levingston ("Lindy") obtained a divorce in the 246th District Court of Harris County. The divorce decree required relator to pay monthly child support of $500.00 on the first of each month, beginning December 1, 1989, and continuing until the occurrence of certain events specified in the decree. After making sporadic, partial payments of child support for a few years, relator stopped making payments altogether. In November 1998, Lindy filed a motion to enforce by contempt in the 246th District Court. The motion alleged that relator failed to pay child support in accordance with the provisions of the divorce decree and alleged an arrearage totaling $48,916.71. The motion requested that relator be jailed for both civil and criminal contempt.

At the conclusion of the contempt hearing held on April 23, 1999, the court orally pronounced relator in contempt for failure to pay $500.00 in child support in each of the first three months of 1990. The court sentenced relator to ninety days in the Harris County Jail for each violation, with the sentences to run consecutively. Finding a total arrearage of $47,966.71, through April 1, 1999, the court also rendered judgment in favor of Lindy in that amount, plus interest and attorney's fees. That same date, the trial court signed a standard form order holding relator in contempt. The contempt order holds relator in criminal contempt consistent with its prior rendition, except that it specifies that relator is to be confined from the date of commitment on April 23, 1999, until January 17, 2000. The contempt order also holds relator in civil contempt and orders relator's confinement to continue "from day to day," until relator pays the total arrearage, attorney's fees and certain other expenses. On May 21, 1999, relator filed this petition for writ of habeas corpus. On May 28, 1999, we ordered relator's release on bond

▇▇▇ An original habeas corpus proceeding is a collateral attack on a contempt judgment. *Ex parte Rohleder,* 424 S.W.2d 891, 892 (Tex.1967). The purpose of a writ of habeas corpus is not to determine the guilt of the contemnor, but only to determine whether he was afforded due process of law or whether the order of contempt was void. *Ex parte Gordon,* 584 S.W.2d 686, 688 (Tex.1979). A court will issue a

writ of habeas corpus if the order underlying the contempt is void, *Ex parte Shaffer,* 649 S.W.2d 300, 302 (Tex.1983), or if the contempt order itself is void. *Gordon,* 584 S.W.2d at 688. An order is void if it is beyond the power of the court to enter it, or if it deprives the relator of liberty without due process of law. *Ex parte Barlow,* 899 S.W.2d 791, 794 (Tex.App.—Houston [14th Dist.] 1995, orig. proceeding).

In his petition for writ of habeas corpus, relator raises several complaints attacking both the criminal and civil contempt. In particular, relator complains he was deprived of the right to a jury trial and that the contempt order does not properly include the provisions of the divorce decree allegedly violated. We address the jury trial issue first.

▆▆ The Sixth Amendment to the United States Constitution guarantees an alleged contemnor the right to a jury trial on a "serious" charge of criminal contempt. *Ex parte Sproull,* 815 S.W.2d 250 (Tex. 1991); *Ex parte Griffin,* 682 S.W.2d 261, 262 (Tex.1984); *Ex parte Werblud,* 536 S.W.2d 542, 547 (Tex.1976). A charge for which confinement may exceed six months is serious. *See Sproull,* 815 S.W.2d at 250. Under the criminal contempt here, relator was sentenced to jail for a period of almost nine months. Because relator was charged with a serious offense, he was entitled to a jury trial. *See id.*

▆▆ However, it is undisputed that relator's contempt was not tried to a jury. Furthermore, the reporter's record of the contempt hearing does not show that the trial court informed relator of the right to a jury trial or that relator affirmatively waived that right. The waiver of a jury trial cannot be presumed from a silent record. *See id.; see also Griffin,* 682 S.W.2d at 262. Because relator was not given a jury trial and did not waive a jury trial, we conclude that the criminal contempt portion of the trial court's order violates relator's constitutional right to trial by jury and is void.

▆▆ Having concluded that the criminal contempt is void, we next address relator's complaint that the civil contempt is void because the contempt order fails to include the terms of the divorce decree allegedly violated. *See e.g. In re Scariati,* 988 S.W.2d 270, 273–74 n. 2 (Tex.App.—Amarillo 1998, orig. proceeding) (refusing to address the validity of civil contempt where criminal contempt upheld and punishment for criminal contempt had not expired). Section 157.166 of the Family Code, in pertinent part, provides as follows:

(a) An enforcement order must include:

(1) in ordinary and concise language the provisions of the order for which enforcement was requested;

* * *

(b) If the order imposes incarceration or a fine, an enforcement order must contain findings setting out or incorporating by reference the provisions of the order for which enforcement was requested and the date of each occasion when the respondent failed to comply with the order.

The form order signed by the trial court does not "contain findings setting out or incorporating by reference the provisions of the order for which enforcement was requested." Instead, the order contains the following:

(2) on *November 30, 1989.* Respondent was ordered to make periodic payments of child support, which order appears of record at Volume _____, starting at Page _____, of the minutes of this court;

▆▆ The purpose of an enforcement order is to notify the offender of how he has violated its provisions and how he can purge himself of contempt, to notify the sheriff so that he can carry out enforcement, and to provide sufficient information for an adequate review. *See Ex parte Waldrep,* 783 S.W.2d 332, 333 (Tex.App.—Houston [14th Dist.] 1990, orig. proceeding). An enforcement order may comply with section 157.166, formerly section 14.33(a) of the Family Code, by (1) copying into the order the provisions for which

enforcement was sought; (2) attaching as an exhibit a copy of the order for which enforcement was sought and incorporating it by reference; or (3) giving the volume and page numbers in the minutes of the court where the order and its pertinent language is located. *See Ex parte Tanner*, 904 S.W.2d 202, 205 (Tex.App.—Houston [14th Dist] 1995, orig. proceeding). While these methods are not exclusive, the contempt order in the underlying case does not satisfy these, or any other, methods of compliance. This failure violates relator's right to due process. *See id.* Therefore, the civil contempt portion of the trial court's order is also void.[1] Accordingly, we grant relator's petition for writ of habeas corpus and order relator discharged from custody.

---

1. Attached as Exhibit A to the contempt order is a table of Past Due Child Support Payments. Showing relator's failure to pay child support during the first three months of 1990, this table relates solely to the criminal contempt. It does not set out the provisions of the divorce decree sought to be enforced nor does it show each date of relator's alleged noncompliance as reflected by the total arrearage found by the court. Therefore, Exhibit A does not bring the contempt order into compliance with section 157.166(b).