Petition for Writ of Habeas Corpus Granted and Opinion filed October 17,
2002









Petition for Writ of Habeas Corpus Granted and Opinion
filed October 17, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00770-CV

____________

 

IN RE JESSE BRIAN NESEVITCH, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF HABEAS CORPUS

 



 

O P I N I O N

This petition for writ of habeas corpus arises out of a
contempt order for failure to pay child support.  The trial court found relator  Jesse Brian Nesevitch in criminal and civil
contempt for failure to pay child support. 
Relator complains, among other things, that the contempt order is void
because it does not specifically state how relator violated the provisions of
the divorce decree.[1]  We agree and grant the petition.  








Relator and Sandra Nesevitch divorced in 1994.  In the divorce decree, Ms. Nesevitch was
awarded possession of the couple=s two children and relator was
ordered to pay child support.  On April
3, 2002, Ms. Nesevitch filed her AFirst Amended Motion for Enforcement
of Child Support and Motion to Revoke Suspension of Commitment and Order to
Appear.@ 
In the motion, she alleged that on several dates relator failed to pay
the full amount of child support owed. 
She asked that relator be held in contempt for violating the terms of
the divorce decree relating to child support. 
Relator responded by filing special exceptions and an answer.  After a hearing, the trial court found
relator in contempt.  On July 16, 2002,
the trial court issued its AOrder Holding Respondent in Contempt for Failure to Pay Child
Support and for Commitment and Judgment for Unpaid Child Support.@ 
The trial court ordered relator confined in the Harris County jail for
ten days (criminal contempt) and day to day thereafter until he paid $7,817.24
in child support arrearages, $900.00 in attorney=s fees to his ex-wife=s attorney, and $73.00 in court costs
(civil contempt).  Relator sought relief
though a petition for writ of habeas corpus in this court.  

An original habeas corpus proceeding is a collateral attack
on a contempt judgment.  Ex parte
Rohelder, 424 S.W.2d 891, 892 (Tex. 1967); In re Markowitz, 25
S.W.3d 1, 2 (Tex. App.CHouston [14th Dist.] 1998, orig. proceeding).  The purpose of a writ of habeas corpus is not
to determine the guilt of the contemnor, but only to determine whether he was
afforded due process of law or if the order of contempt is void.  Ex parte Gordon, 584 S.W.2d 686, 688
(Tex. 1979); Markowitz, 25 S.W.3d at 2. 
A court will issue a writ of habeas corpus if the order underlying the
contempt is void, Ex parte Shaffer, 649 S.W.2d 300, 302 (Tex. 1983), or
if the contempt order itself is void.  Gordon,
584 S.W.2d at 688.  An order is void
if it is beyond the power of the court to enter it, or if it deprives the
relator of liberty without due process of law. 
Markowitz, 25 S.W.3d at 3; Ex parte Barlow, 899 S.W.2d
792, 794 (Tex. App.CHouston [14th Dist.] 1995, orig. proceeding).








In his petition for writ of habeas corpus, relator raises
several complaints attacking both the criminal and civil contempt.  In particular, relator complains the order of
contempt is void because it does not state in specific terms how relator
violated the divorce decree.  Section
157.166 of the Texas Family Code provides that an enforcement order must
include:  (1) the acts or omissions that
are the subject of the order; and (2) the manner of the respondent=s noncompliance.  Tex.
Fam. Code Ann. ' 157.166(a)(2),(3) (Vernon Supp. 2002).  Moreover, case law holds that a contempt order
must Aclearly state in what respect the
court=s [earlier] order has been violated.@ 
Ex parte Shaklee, 939 S.W.2d 144, 145 (Tex. 1997) (quoting Ex
parte Proctor, 398 S.W.2d 917, 918 (Tex. 1966)).  

The contempt order in this case states, with respect to the
acts or omissions that are the subject of the contempt order and relator=s alleged noncompliance:  

(3) Respondent [Relator] was charged with separate
counts of contempt for failure to pay child support on each date and in the
amount as reflected on Exhibit AA@ attached hereto. 

(5) Respondent [Relator] has contemptuously disobeyed
the order by failing to timely make child support payments on each date and in
the amount as reflected on Exhibit AA@ attached hereto.

 

AExhibit A,@ however, neither specifies the acts
or omissions with which relator is charged nor the manner of his
noncompliance.  Rather, AExhibit A@ is a computer printout entitled AHarris County Child Support System
Payment History Report,@ which lists payments made. 
It does not list the child support payments relator failed to pay, the
amount he failed to pay, nor the dates he failed to make those payments;
instead, it lists the payments relator actually made, the amounts paid (with
the check numbers in most instances), and the dates the payments were
made.  Therefore, AExhibit A@ does not bring the contempt order
into compliance with section 157.166(a) or the applicable case law.  

One purpose of an enforcement order is to notify the offender
of how he has violated the provisions of the previous order.  See In re Levingston, 996 S.W.2d 936,
938 (Tex. App.CHouston [14th Dist.] 1999, orig.
proceeding).  The contempt order in this
case does not notify relator of the acts or omissions that are the subject of
the order nor how he violated the divorce decree.  The order is clearly insufficient under
section 157.166(a) and the case law.  Due
process requires that a contempt order clearly state the manner in which the
court=s earlier order has been
violated.  See Shaklee, 930 S.W.2d
at 145.  As in this case, when the trial
court=s contempt order fails to set out
with particularity the acts or omissions that are the subject of the order
and/or the manner of noncompliance, the order is void.  See id.  








Accordingly, we grant relator=s petition for writ of habeas corpus
and order relator discharged from custody. 


 

 

 

 

/s/        Kem Thompson Frost

Justice

 

 

 

 

Opinion filed
October 17, 2002.

Panel consists of
Justices Yates, Anderson, and Frost.

Publish C Tex.
R. App. P. 47.3(b).

 











[1]    By order
dated August 1, 2002, this court requested the real party in interest, Sandra
Nesevitch, to file a                      
response to the petition on or before August 26, 2002.  On August 26, 2002, however, the real party in                         interest filed a
notice stating that she did not intend to file a response.