Petition
for Writ of Habeas Corpus Denied and Opinion filed January 6, 2010.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00943-CV

____________

 

IN RE STEPHANIE DAVIS, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF HABEAS CORPUS

 

 

 



OPINION

            On November 9, 2009, relator, Stephanie Davis,
filed a petition for writ of habeas corpus seeking release from jail.  See
Tex. Gov’t Code Ann. § 22.221(d) (Vernon 2004);  Tex. R. App. P. 52.  

Background

            On
September 17, 2009, the trial court issued an order in a suit to modify
parent-child relationship.  Relator, Stephanie L. Davis, is the children’s
mother.  The real party in interest, Robert M. Carlson, is the children’s
father.  In the order, among other things, relator was ordered to:

In the event that a child appears to be ill upon awakening
on a regularly scheduled school day, STEPHANIE L. DAVIS is ORDERED to contact
that child’s primary care physician to obtain directions as to the child’s
care.  STEPHANIE L. DAVIS is ORDERED to provide proper notice to ROBERT M.
CARLSON within one hour of her contact with the child’s physician, to include
the physician’s name, telephone number, and any instructions given by the
physician related to the child’s care.  If a child’s physician directs that the
child remain home from school, this shall create a rebuttable presumption that
the absence from school shall be excused.

The court further ordered relator to:

[F]urnish ROBERT M. CARLSON a true and correct copy of the
health insurance policy or certification and a schedule of benefits within 10
days of the signing of this order.  STEPHANIE L. DAVIS is ORDERED to furnish
ROBERT M. CARLSON the insurance cards and any other forms necessary for use of
the insurance within 10 days of the signing of this order.

On October 8, 2009, real party in interest filed a
motion for contempt alleging 12 violations of the September 17, 2009 order.  On
October 29, 2009, the trial court signed an order holding relator in criminal
contempt for failure to comply with the order signed September 17, 2009. 
Specifically, the court found relator in contempt for the following violations:

1.     
On Sept. 18, 2009, Stephanie L. Davis, Respondent, failed to notify
Movant, Robert M. Carlson, within one hour of receiving healthcare information
regarding the child.

2.     
On October 6, 2009, Respondent failed to contact the child’s physician
for instruction related to the child’s healthcare upon the child awakening ill.

3.     
On October 8, 2009, Respondent failed to contact the child’s physician
for healthcare instruction related to the child’s condition upon the child
awakening ill.

4.     
On 10/9/09, Respondent failed to contact the child’s physician for
healthcare instruction related to the child’s condition upon the child awakening
ill.

5.     
On 10/10/09, failed to notify Movant within one hour of receiving
healthcare instructions from a physician regarding a child.

6.     
On 10/12/09 Respondent failed to notify movant within one hour of
receiving physician instructions regarding a child’s healthcare.

7.     
On 9/27/09, failed to provide Movant with copies of children’s insurance
cards.

8.     
On 9/27/09, failed to provide Movant with copies of child’s health
insurance policies.

The court assessed punishment at 150 days for each
count, with the sentences to be served concurrently beginning immediately and
ending on March 28, 2010.  Relator contends that
she is entitled to release because (1) she did not receive notice of four of
the violations, (2) the underlying order is vague and ambiguous, (3) the enforcement
order was not properly incorporated into the contempt order, and (4) the order
does not allow for good-time credit.

Habeas
Standard

This court will issue a writ of habeas corpus if the
contempt order is void because it deprives the relator of liberty without due
process of law or because it was beyond the power of the court to issue.  Ex
parte Swate, 922 S.W.2d 122, 124 (Tex. 1996).  The contempt order must
clearly state in what respect the court’s earlier order has been violated and
must clearly specify the punishment imposed by the court.  Ex parte Shaklee,
939 S.W.2d 144, 145 (Tex. 1997).  

Discussion

Notice

In her first three issues, relator contends she has
been deprived of her liberty without due process because she did not receive
notice of violations 3, 4, 5, and 6 because these violations were found to have
occurred after the motion for contempt was filed.  Contempt proceedings are
quasi-criminal in nature, and the contemnor is entitled to procedural due
process throughout the proceedings.  See Ex parte Johnson, 654 S.W.2d
415, 420 (Tex. 1983).  Among those procedural due process rights is the right
to reasonable notice of each act alleged to constitute contempt.  The due
process requirement is one of “full and complete notification” of the conduct
with which the contemnor is charged and the contemnor must be given a
reasonable opportunity to meet the charges by defense or explanation.  Ex
parte Adell, 769 S.W.2d 521, 522 (Tex. 1989).  A contempt order rendered
without such adequate notification is void.  Id.

The real party agrees that the motion for contempt
failed to provide relator with notice of every contemptuous act found by the
trial court.  Real party asks this court to reform or modify portions of the
trial court’s order that relate to contempt and commitment, and to strike the
portions of the order in which the court found relator in contempt for violations
3 through 6.  We sustain relator’s contention that she was given inadequate
notice of the acts listed in violations 3, 4, 5, and 6 for which she was found
in contempt.  We hold that the portions of the contempt order listing
violations that occurred after October 8, 2009 are void. 

The void portions of the order relating to contempt (violations
3, 4, 5, and 6) do not make the entire order void because the trial court
listed the contempt sentences separately.  The void portions are capable of
being severed from the valid portions of the order.  See In re Ross, 125
S.W.3d 549, 553 (Tex. App.—Austin 2003, orig. proceeding).  Accordingly, we sustain
relator’s first three issues and modify the trial court’s order by striking violations
3, 4, 5, and 6 as void.  

Vague and Ambiguous Underlying Order

In her fourth issue, relator contends that the
underlying order is vague, ambiguous, and nonspecific as to be unenforceable by
contempt.  First, she argues that the paragraph requiring her to phone the
physician and the father within one hour of the child awakening with symptoms
of illness is vague in that the phrase, “appears to be ill upon awakening” does
not define “appears to be ill,” nor does it set a time parameter other than
“upon awakening.”  Second, she argues that the paragraph requiring her to
“furnish” insurance cards is vague in that “furnish” does not necessarily mean
“deliver.”  The phrase could be read to require relator to only “make
available” the health insurance cards.  She also argues that the phrase “and
any other forms necessary” is too vague to be enforceable by contempt.

The order underlying a contempt judgment must set
forth the terms of compliance in clear, specific, and unambiguous terms so that
the person charged with obeying the order will readily know exactly what duties
and obligations are imposed upon her.  Ex parte Chambers, 898 S.W.2d
257, 259 (Tex. 1995).  The question of whether an order is
enforceable by contempt depends on whether the order is definite and certain,
and the focus is on the wording of the judgment itself.  Ex parte Reese,
701 S.W.2d 840, 841 (Tex.1986).  If the court’s order requires inferences or
conclusions about which reasonable persons might differ, it is insufficient to support
a judgment of contempt.  Chambers, 898 S.W.2d at 260.  Only reasonable
alternative constructions, however, prevent enforcement of the order.  Id.
 “The order need not be full of superfluous terms and specifications adequate
to counter any flight of fancy a contemnor may imagine in order to declare it
vague.”  Id.  

In violations 1 and 2 of the contempt order, relator
was found to have violated the underlying order by failing to notify the
children’s father within one hour of receiving healthcare information from the
child’s physician regarding the child, and for failing to contact the child’s
physician for instruction relating to the child’s healthcare upon the child
awakening ill.  The specific provision reads as follows:

In the event that a child appears to be ill upon awakening
on a regularly scheduled school day, STEPHANIE L. DAVIS is ORDERED to contact
that child’s primary care physician to obtain directions as to the child’s
care.  STEPHANIE L. DAVIS is ORDERED to provide proper notice to ROBERT M.
CARLSON within one hour of her contact with the child’s physician, to include
the physician’s name, telephone number, and any instructions given by the
physician related to the child’s care.  If a child’s physician directs that the
child remain home from school, this shall create a rebuttable presumption that
the absence from school shall be excused.

Relator argues that the underlying order is
insufficient to support an order of contempt because the above paragraph
requires inferences or conclusions about which reasonable persons might
differ.  Specifically, relator argues that the phrase, “a child appears to be
ill upon awakening” is subject to differing interpretations.  We agree.  The
order does not set specific parameters for symptoms of illness, nor does it
provide a time parameter other than “upon awakening.”  A reasonable person may
not immediately know when a child awakens, or may differ in her interpretation
of whether the child appears to be ill.  Because this portion of the underlying
order does not contain the requisite specificity, it is not enforceable by
contempt.  

In violations 7 and 8, relator was found to have
violated the underlying order by failing to provide the children’s father with
copies of the children’s health insurance cards and policies.  The provision of
the underlying order requiring relator to provide copies of insurance cards and
policies to the real party reads as follows:

STEPHANIE L. DAVIS is ORDERED to furnish ROBERT M. CARLSON
a true and correct copy of the health insurance policy or certification and a
schedule of benefits within 10 days of the signing of this order.  STEPHANIE L.
DAVIS is ORDERED to furnish ROBERT M. CARLSON the insurance cards and any other
forms necessary for use of the insurance within 10 days of the signing of this
order.

Relator asserts the above provision is vague and
ambiguous because the word “furnish” is subject to differing interpretations. 
Relator argues the term “furnish” could be read to require her to only “make
available” the health insurance information.  

Contrary to relator’s assertion, the term “furnish”
is defined in the underlying order to mean:

a.         to hand deliver the document by a person
eighteen years of age or older either to the recipient or to a person who is
eighteen years of age or older and permanently resides with the recipient;

b.         to deliver the document to the recipient by certified
mail, return receipt requested, to the recipient’s last known mailing or
residence address; or 

c.         to deliver the document to the recipient at the
recipient’s last known mailing or residence address using any person or entity
whose principal business is that of a courier or deliverer of papers or
documents either within or outside the United States.

Because the underlying order sufficiently defined the
term, “furnish,” relator was informed in clear, specific, and unambiguous terms
the method of delivery of the health insurance documents.

Relator further argues that the phrase “and any other
forms necessary” is too vague to be enforceable by contempt.  Relator was not
found in contempt for failing to provide “any other forms necessary” to the
real party, but for failing to provide health insurance cards and policies. 
Because those terms are not vague or ambiguous, the underlying order was
sufficiently specific to support a judgment by contempt.  We sustain relator’s
fourth issue with regard to violations 1 and 2 and strike those portions of the
order as void.  With regard to violations 7 and 8, we overrule relator’s fourth
issue.

Incorporation of Enforcement Order

In her fifth issue, relator contends the contempt
order did not comply with the statutory requirements set for reasonable
notice.  The Family Code requires an enforcement order for criminal contempt to
“contain findings identifying, setting out, or incorporating by reference the
provisions of the order for which enforcement was requested and the date of
each occasion when the respondent’s failure to comply with the order was found
to constitute criminal contempt.”  Tex. Fam. Code Ann. § 157.166 (Vernon
2008).  Relator contends that the commitment order is void because the order
did not contain findings identifying, setting out or incorporating by reference
the particular provisions of the order for which enforcement was requested. 
The order, however, states, “[O]n September 17, 2009, Respondent was ordered to
comply with orders relating to the children’s schooling, which order appears of
record at Image #43364874 of the minutes of this Court.”  

This recitation is sufficient to comply with section
157.166(b) of the Family Code.  This court has held that compliance with
section 157.166 may be effected by (1) copying into the order the provisions
for which enforcement was sought, (2) attaching as an exhibit a copy of the
order for which enforcement was sought and incorporating it by reference, or
(3) giving the volume and page numbers in the minutes of the court where the
order and its pertinent language is located.  In re Levingston, 996
S.W.2d 936, 938–39 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding). 
This court also held that these methods are not exclusive.  Id. at 939. 


Relator argues that the electronic image cannot be
found “in the minutes of the court,” but refers to a scanned document online
available exclusively to licensed Texas attorneys at the website of the Harris
County District Clerk.  The purpose of section 157.166(b) is to satisfy due
process by providing the contemnor notice of the subject matter and of “when,
how, and by what means the [contemnor] has been guilty of the alleged
contempt.”  See In re Broussard, 112 S.W.3d 827, 834 (Tex. App.—Houston
[14th Dist.] 2003, orig. proceeding).  Relator has failed to show that
an electronic reference to the minutes of the court deprived her of due
process.  She was represented by counsel at the trial court and her counsel approved
the underlying order as to form.  The Harris County District Clerk’s office
permits a licensed attorney to access electronic copies, but also provides the
opportunity for a layperson to purchase hard copies of documents via mail, fax,
or in person.  Relator’s counsel could access the order electronically, or she
could access it via mail, fax, or in person, just as she could if the
enforcement order had listed the volume and page number of the hard copy
minutes of the court.  Relator’s fifth issue is overruled.

Good Time Credit

In her sixth issue, relator contends the commitment
order is void because it denied her the opportunity for good time credit.  The
commitment order states that relator is committed “for a total period of 150
days confinement in the Harris County jail, commencing upon the date of commitment
and continuing thereafter day to day until March 28, 2010, subject
to any periods of further incarceration for civil contempt as may be ordered
herein.”

A trial judge has no authority to set an ending date
on a criminal contempt sentence because that denies the contemnor her right to
be considered for “good time,” a statutory credit she may receive as a reward
for good behavior in jail.  Kopeski v. Martin, 629 S.W.2d 743, 745 (Tex.
Crim. App. 1982).  Relator is entitled to be considered for “good time” credit
on her criminal contempt sentence.  Ex parte Daniels, 722 S.W.2d 707,
711–12 (Tex. Crim. App. 1987); Ex parte Suter, 920 S.W.2d 685, 687, n.1
(Tex. App.—Houston [1st Dist.] 1995, orig. proceeding); Tex. Code Crim. Proc. Ann.
art. 42.032 (Vernon Supp. 2009).  The portion of the order setting an ending
date for relator’s sentence is therefore void.  Accordingly, we delete the
phrase, “and continuing thereafter day to day until March 28, 2010” from the
order.  Relator’s sixth issue is sustained.

Conclusion

We conclude that the trial court’s contempt findings
in violations 1, 2, 3, 4, 5, and 6 are void.  We further conclude that the
portion of the contempt order setting an ending date for relator’s sentence is
void.  Accordingly, we modify the trial court’s order (1) by striking as void the
trial court’s contempt findings in violations 1, 2, 3, 4, 5, and 6 and (2) by
deleting the ending date on relator’s sentence from the order.  The remaining
portion of the order is valid and enforceable.  In all other respects, relator’s petition for writ of habeas corpus is denied. 
See Tex. R. App. P. 52.8(c).

                                                                        PER
CURIAM

 

Panel consists of Justices
Yates, Frost, and Brown.