**Petition for Writ of Habeas Corpus Granted and Memorandum Opinion filed October 6, 2015.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-15-00545-CV**

---

**IN RE CONNIE VASQUEZ HARRISON, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**311th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2006-68864**

---

## MEMORANDUM OPINION

On June 24, 2015, relator Connie Vasquez Harrison filed a petition for writ of habeas corpus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator claims the underlying commitment order is void and requests that she be discharged from confinement. On June 26, 2015, after a preliminary review of the petition, we ordered relator's

release upon her posting of a bond in the amount of $500, pending a final determination of her petition. Because we conclude that relator is entitled to relief, we grant her petition for writ of habeas corpus, release her from the bond, and order her discharged from custody.

## Background

On June 19, 2015, the trial court signed an order of commitment stating that relator has failed to comply with the terms and conditions of this court's orders dated September 3, 2014 and March 27, 2015 and that relator shall be confined for a period of 150 days for each of the violations (1, 2, 3, 4 and 6) as reflected in Movant's First Amended Motion for Enforcement. On June 24, 2015, relator filed her petition for writ of habeas corpus s, arguing that that both a written judgment of contempt and a written order of commitment are necessary to imprison a person for contempt. On June 26, 2015 (seven days after signing the commitment order), the trial court signed a written order of contempt.

## Analysis

"A court will issue a writ of habeas corpus if the order underlying the contempt is void, *Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex.1983), or if the contempt order itself is void. *Gordon*, 584 S.W.2d at 688." *In re Markowitz*, 25 S.W.3d 1, 2-3 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding). "An order is void if it is it deprives the relator of liberty without due process of law." *Id.* at 3.

Before imprisoning a person for contempt, due process requires the trial court to sign both a written judgment of contempt and a written commitment order. *See Ex parte Jordan*, 865 S.W.2d 459, 459 (Tex. 1993). Although a commitment

2

order and a contempt order may be combined in the same document, the order must include all of the elements required by section 157.166 of the Family Code. *See In re Markowitz*, 25 S.W.3d at 3. Section 157.166 of the Family Code, in pertinent part, provides:

> (a) An enforcement order must include:
>
> > (1) in ordinary and concise language the *provisions of the order for which enforcement was requested*;
>
> \* \* \*
>
> (b) If the order imposes incarceration or a fine, an enforcement order must contain findings setting out or incorporating by reference *the provisions of the order for which enforcement was requested* and the date of each occasion when the respondent failed to comply with the order.

Tex. Fam .Code Ann. §157.166 (West 2014). (emphasis added). An enforcement order may comply with section 157.166 by (1) copying into the order the provisions for which enforcement was sought, (2) attaching as an exhibit a copy of the order for which enforcement was sought and incorporating it by reference, or (3) giving the volume and page numbers in the minutes of the court where the order and its pertinent language is located. *See Ex parte Tanner*, 904 S.W.2d 202, 205 (Tex. App.—Houston [14th Dist] 1995, orig. proceeding). If the contempt order does not satisfy these, or any other, methods of compliance, it violates the relator's right to due process. *Id*; *In re Levingston*, 996 S.W.2d 936, 938-39 (Tex. App.—Houston [14th Dist.] 1999, no pet.). *See also In re Edwards*, 01-10-00992-CV, 2011 WL 2089805 (Tex. App.—Houston [1st Dist.] May 18, 2011, orig. proceeding).

Here, the commitment order cannot serve as a valid contempt order that complies with section 157.166 because it does not include the provisions of the orders for which enforcement was requested; rather, it includes only the dates of these orders without giving the volume and page numbers in the minutes of the court where they may be found. Nor does the commitment order satisfy section 157.166 through any of the other means of compliance stated in *In re Levingston*, 996 S.W.2d at 938-39.

Additionally, due process requires the trial court to issue a written contempt order within a short and reasonable time after the confinement or issuance of the commitment order. *Markowitz*, 25 S.W.3d at 3; *In re Carter*, 01-13-01021-CV, 2014 WL 2809822, at *3 (Tex. App.—Houston [1st Dist.] June 19, 2014, orig. proceeding). In *Markowitz,* we held that a seven-day delay between the signing of a written commitment order and a written contempt judgment was not reasonable and therefore violated the relator's due process rights. *Id*. at 4-5. Similarly, in *Ex parte Morgan,* the court of appeals held that a four-day delay between the relator's confinement under a written commitment order and the signing of a contempt judgment violated the relator's due process rights. 886 S.W.2d 829, 831-32 (Tex. App.—Amarillo 1994, orig. proceeding). And in *In re Carter*, the court of appeals held that the three-day delay between the issuance of the commitment order and the contempt judgment violated the relator's right to due process. 2014 WL 2809822, at *3. Accordingly, we hold that the seven-day delay between the issuance of the commitment order and the contempt order here was not short and reasonable and therefore violated Connie Vasquez Harrison's right to due process.

The real party-in-interest argues, without citing any supporting authority, that there should be a distinction between civil and criminal contempt, and that a

delay in signing a written order of contempt should not matter for a criminal contempt. To the contrary, the requirement that a written order of contempt be signed without unreasonable delay applies for both civil and criminal contempt. *See Markowitz*, 25 S.W.3d at 4.

## Conclusion

In light of this holding, we need not address the other arguments in the petition. We grant the petition for writ of habeas corpus and order relator discharged from custody. We further order that relator be released from the bond posted to secure her conditional release.

PER CURIAM

Panel consists of Justices Boyce, Jamison, and Brown.