**Petition for Writ of Habeas Corpus Granted and Memorandum Opinion filed November 5, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00753-CV

### NO. 14-19-00756-CV

---

### IN RE NOE SANTANA, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**309th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 2004-21815 & 2017-30600**

---

## MEMORANDUM OPINION

On September 30, 2019, relator Noe Santana filed a petition for writ of habeas corpus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to order his release from confinement in the Harris County Jail for contempt based on two commitment orders dated

September 27, 2019. We ordered relator temporarily released from custody upon posting bond. We now grant relator's petition for writ of habeas corpus.

## I. BACKGROUND

Relator is obligated to pay child support for two children in two orders in separate trial court cause numbers. In the first case, cause number 2004-21815, a July 11, 2005 order directed relator to pay $450.00 in monthly child support (the "2005 order"). In the second case, cause number 2017-30600, an April 26, 2019 order directed relator to pay $1,710.00 in monthly child support (the "2019 order").

Mother moved to enforce the order both orders. Mother alleged that relator had made no child support payments under the 2005 order from July 1, 2005 through June 1, 2017. Mother requested that relator be held in contempt, sentenced to serve 180 days in jail for each violation, sentences to run concurrently, and be fined $500.00 for each violation.

With respect to the 2019 order, Mother alleged that relator had failed to make child support payments on April 1, 2019 and May 1, 2019, and failed to make payments to Mother's attorney, which were due on April 12, 2019 and April 26, 2019. Mother similarly requested that relator be held in contempt, sentenced to serve 180 days in jail for each violation, sentences to run concurrently, and fined $500.00 for each violation.

On August 9, 2019, the trial court signed two orders holding relator in contempt for failure to pay child support. In cause number 2004-21815, the trial court sentenced relator to serve 180 days in jail, sentences to run concurrently, and assessed a $500.00 fine for each violation of the 2005 order for criminal contempt.

2

In cause number 2017-30600, the trial court sentenced relator to serve 180 days in jail, sentences to run concurrently, and assessed a $500.00 fine for each violation of the 2019 order. Additionally for civil contempt in cause number 2017-30600, the trial court sentenced relator to no more than eighteen months in jail, including time served for criminal contempt, or until relator has complied with the following terms, whichever occurs first: relator pays (1) $3,420.00 for child support arrearages through the Texas State Disbursement Unit; (2) a $2,000.00 fine to the Harris County District Clerk; and (3) $85,471.00 to Mother's attorney.

The trial court, however, suspended relator's commitment in each case. In cause number 2004-21815, relator's suspension of commitment was conditioned upon relator's compliance with the following terms: relator pays (1) $20,000.00 as a lump sum payment for child support arrearages through the Texas State Disbursement Unit; (2) $1,500.00 per month for child support arrearages beginning on August 1, 2019 to the Texas State Disbursement Unit and on the first of each month thereafter until he has paid the arrearage in full; and (3) Mother's attorney $10,375.42 in two $5,187.71 payments.

Mother moved to revoke the suspension of relator's commitment in each case, alleging that relator had not complied with the terms of the suspension of commitment. The trial court held a hearing on September 27, 2019, found that relator was not in compliance with the court's orders suspending relator's commitment, revoked the suspension of commitment in each case, and ordered relator taken into custody.

For criminal contempt in cause number 2004-21815, the trial court sentenced relator to serve 180 days in jail for each violation, sentences to run concurrently. For

3

civil contempt, the trial court ordered that relator's confinement would continue after completing his sentences for criminal contempt until relator had purged himself of any contempt by paying (1) $39,784.59 toward child support arrearages to either the Texas State Disbursement Unit or the Domestic Relations Office; (2) $10,375.42 to Mother's attorney; and (3) $63.00 to the Harris County District Clerk for commitment and steno fees.

For criminal contempt in cause number 2017-30660, the trial court sentenced relator to serve 180 days in jail for each violation, sentences to run concurrently. For civil contempt, the trial court ordered that relator's confinement would continue after completing his sentences for criminal contempt until relator had purged himself of any contempt by paying (1) $6,480.00 toward child support arrearages to either the Texas State Disbursement Unit or the Domestic Relations Office; (2) $3,000 to Mother's attorney; and (3) $63.00 to the Harris County District Clerk for commitment and steno fees

Relator filed a petition for writ of habeas corpus, asserting that the September 27, 2019 orders revoking relator's suspended commitment orders are void for lack of due process. On October 4, 2019, we issued an order directing the Harris County Sheriff to release relator from custody upon payment of a $500.00 bond.

## II. STANDARD OF REVIEW

The purpose of a writ of habeas corpus is not to determine the guilt or innocence of the contemnor, but to determine whether he was afforded due process of law or if the order of contempt or commitment is void. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding). An order is void if it is beyond the

4

power of the court to enter it or if it deprives the relator of liberty without due process. *In re Markowitz*, 25 S.W.3d 1, 3 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding). It is presumed that a contempt order is valid. *In re Spates*, No. 14-15-00235-CV, 2015 WL 1393265, at * 2 (Tex. App.—Houston [14th Dist.] Mar. 15, 2015, orig. proceeding) (mem. op.). A relator bears the burden of showing that the trial court's order is void. *In re Coppock*, 277 S.W.3d 417, 418 (Tex. 2009) (orig. proceeding).

### III. ANALYSIS

In his second issue, relator asserts that the September 27, 2019 orders are void because they only identify generally the orders alleged to have been violated without identifying specifically the provisions of those orders that were violated or stating how the orders were violated.[1]

The purpose of an enforcement order is to notify the contemnor of how he has violated the provisions for which enforcement is sought and how he can purge himself of contempt, to notify the sheriff accordingly so that he may do his duty, and to provide sufficient information for adequate review. *Ex parte Conoly*, 732 S.W.2d 695, 697 (Tex. App.—Dallas 1987, orig. proceeding). The contempt order must contain specific findings so that the contemnor will be fully apprised of his alleged act of misconduct so that he may overcome by proof, if any is available, the presumption that the order is valid. *In re Sanner*, No. 01-09-00001-CV, 2010 WL

---

[1] Relator brings three issues. Because the second issue is dispositive we address it and do not address the remaining two issues.

2163140, at *10 (Tex. App.—Houston [1st Dist.] May 20, 2010, orig. proceeding) (mem. op.) (quotation marks and citations omitted).

Section 157.166 of the Texas Family Code sets forth the requirements of an enforcement order. Tex. Fam. Code Ann. § 157.166. That section states:

(a) An enforcement order must include:

(1) in ordinary and concise language the provisions of the order for which enforcement was requested;

(2) the acts or omissions that are the subject of the order;

(3) the manner of the respondent's noncompliance; and

(4) the relief granted by the court.

(b) If the order imposes incarceration or a fine for criminal contempt, an enforcement order must contain findings identifying, setting out, or incorporating by reference the provisions of the order for which enforcement was requested and the date of each occasion when the respondent's failure to comply with the order was found to constitute criminal contempt.

(c) If the enforcement order imposes incarceration for civil contempt, the order must state the specific conditions on which the respondent may be released from confinement.

*Id.*

As relevant to the September 27, 2019 orders, an enforcement order may comply with section 157.166 by (1) copying the provisions for which enforcement was sought in the order; (2) attaching a copy of the order for which enforcement was sought as an exhibit and incorporating by reference; or (3) giving the volume and page numbers in the minutes of the court where one can find the order for which

6

enforcement was sought. *Ex parte Tanner*, 904 S.W.2d 202, 205 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding) (addressing the predecessor to section 157.166). While these three methods are adequate to comply with section 157.166, they are not the exclusive methods for doing so. *Id.*; *see also id.* (holding that paraphrasing of order set out the provision to be enforced with sufficient specificity and particularity to fairly notify relator of his alleged acts).

This court has previously held that a form order signed by the trial court was insufficient because it did not contain findings setting out or incorporating by reference the provisions of the order for which enforcement was requested. *See In re Levingston*, 996 S.W.2d 936, 938 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding). Instead, the form order contained the following:

> (2) on November 30, 1989, Respondent was ordered to make periodic payments of child support, which order appears of record at Volume ___, starting at Page ___, of the minutes of this court[.]

*Id.* at 938. This court concluded that the order did not satisfy the methods of compliance with section 157.166. *Id.* at 939. "Exhibit A" was attached to the enforcement order in *Levingston*. *Id.* at 939 n.1. Exhibit A was a table of past due child support payments showing the relator's failure to pay child support payment. *Id.* However, it did not set out the provisions of the divorce decree sought to be enforced or the date of the relator's alleged noncompliance as reflected by the total arrearage as found by the court. *Id.* Therefore, the relator's due process rights were violated, and the order was void. *Id.* at 939.

The September 27, 2019 orders in this case contain the identical provision as that discussed in *Levingston*:

7

2.	on August 9, 2019, Respondent was ordered to make periodic payments of child support, which order appears of record at Volume ___, starting at Page ___, of the minutes of this Court[.]

"Exhibit A" is attached to order in cause number 2017-30600. Exhibit A is a table of "Past Due Child Support Payments," which shows the date the payment was due, the amount due, the amount paid, and the arrearage due for each violation, but does not set forth the provisions of the August 9, 2019 order sought to be enforced. The order in cause number 2004-21815 refers to "Exhibit A," but the exhibit is not in the habeas corpus record.

As in *Levingston*, the September 27, 2019 orders revoking suspension do not comply with section 157.166. *See id.*; *see also In re Harrison*, 14-15-00545-CV, 2015 WL 5829791, at *1–2 (Tex. App.—Houston [14th Dist.] Oct. 6, 2015, orig. proceeding) (mem. op.) (holding that commitment order was not in compliance with section 157.166 because it did not include the provisions of the orders for which enforcement was requested but only the dates of the orders without the volume and page numbers in the minutes of court where they could be found); *In re Edwards*, No. 01-10-00992-CV, 2011 WL 2089805, at *3–4 (Tex. App.—Houston [1st Dist.] May 18, 2011, orig. proceeding) (mem. op.) (holding contempt order was void because the trial court did not specify the volume and page numbers in the minutes of the court in which the support order could be found and the court did not attach a copy of the support order sought to be enforced or incorporate it by reference); *Ex parte Stanley*, 826 S.W.2d 772, 773 (Tex. App.—Dallas 1992, orig. proceeding) (holding that typographical error in identifying the volume of the court's minutes where the order sought be enforced was located was fatal to the contempt order and

8

rendered it void). We hold that both September 27, 2019 orders violate relator's right to due process and, therefore, are void. We sustain relator's second issue.

Accordingly, we grant relator's petition for writ of habeas corpus, vacate the trial court's commitment orders of September 27, 2019, and order relator discharged from custody and released from bond.

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Zimmerer.

9